UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MOON ROCKET INC., EXOTICS ON
ROOSEVELT CORP., SMOKER'S WORLD 1
CORP., STZ CONVENIENCE SHOP INC.,
SMOKE BASE CONVENIENCE STORE INC.,
BIG APPLE CONVENIENCE 2 CORP., LUSH            **CLASS ACTION**
CONVENIENCE 161 INC., EMPIRE CITY              **COMPLAINT**
SHOP INC., QUICK SMART CONVENIENCE
CORP., MOTHER GASTON GOURMET DELI
CORP., S & M SNACKS CORP., 555 DELI CORP.,
LOUD PACK NY CORP., 175 GRAND                  Index No.: <u>1:24-cv-4519</u>
CONVENIENCE CORP., MAO SHOPPE CORP.,
22 CONVENIENT SHOP CORP., 125 RED EYE
INC., NOISE PACK CORP., VANWYCK MINI
MARKET CORP., OMEGA CONVENIENCE INC.,
RUSH HOUR EXOTICS CORP., 1452 ALPHA INC.,
GENERAL ZAZA LLC, 64 ST. CONVENIENCE
CORP., MOONSHOT EXOTIC CONVENIENT
CORP., VEGAN MAGIC INC., and FIRST
CHOICE CONVENIENCE CORP.,

                         Plaintiffs,
            v.

CITY OF NEW YORK, PRESTON NIBLACK,
COMMISSIONER NEW YORK CITY
DEPARTMENT OF FINANCE, NEW YORK CITY
SHERIFF ANTHONY MIRANDA, AND
ASIM REHMAN, COMMISSIONER NEW YORK
CITY OFFICE OF ADMINISTRATIVE TRIALS
AND HEARINGS,
                         Defendants.
-----------------------------------------------------------------x

Plaintiffs Moon Rocket, Inc., Exotics on Roosevelt, Corp., Smoker's World 1 Corp., STZ

Convenience Shop, Inc., Smoke Base Convenience Store, Inc., Big Apple Convenience 2, Corp.,

Lush Convenience 161, Inc., Empire City Shop, Inc., Quick Smart Convenience, Corp., Mother

Gaston Gourmet Deli, Corp., S & M Snacks, Corp., 555 Deli, Corp. Loud Pack NY, Corp., 175

Grand Convenience, Corp., Mao Shoppe, Corp., 22 Convenient Shop, Corp., 125 Red Eye, Inc.,

Noise Pack, Corp., Vanwyck Mini Market, Corp., Omega Convenience, Inc., Rush Hour Exotics, Corp., 1452 Alpha, Inc., General Zaza, LLC, 64 St. Convenience, Corp., Moonshot Exotic Convenient, Corp., Vegan Magic, Inc., and First Choice Convenience, Corp. (hereinafter referred to collectively as "the Plaintiffs"), by and through their attorney, Lance Lazzaro, with Lazzaro Law Firm, P.C., for their Complaint, allege as follows:

## <u>NATURE OF THE ACTION</u>

1.      This action concerns the policy and practice of the New York City Department of Finance, through application by the New York City Sheriff (hereinafter "the Sheriff") and New York City Office of Administrative Trials and Hearings (hereinafter "OATH"), in executing and enforcing the SMOKEOUT Act, by sealing businesses, with no judicial review and without a court order, and based solely on the unadjudicated claim that a business was selling cannabis without a license. The execution and enforcement of the SMOKEOUT Act, by the Sheriff, with the limited administrative review by OATH, has resulted in the unconstitutional closure of hundreds businesses, including the Plaintiffs, throughout New York City.

2.      The execution and enforcement by the Sheriff and OATH, in sealing businesses without any judicial oversight, is unconstitutional.

3.      First, the Sheriff's execution and enforcement of the SMOKEOUT Act, with OATH's limited administrative review, violates the Due Process Clause of the Fourteenth Amendment. No judicial process is afforded before the Sheriff sealed businesses. No prior finding or adjudication, by any judge or court, takes place before the Sheriff closes a business. The Sheriff chooses to close a business based upon its own unilateral decision that a business was selling cannabis without a license and posed an imminent threat to the public's health, safety, or welfare. While the closed

business is given an administrative hearing before OATH within five business days of being closed by the Sheriff, the numerous hearing officers with OATH have issued inconsistent Decisions, and the Sheriff, regardless of OATH's recommended Decision, still retains the sole decision-making authority as to whether the business will remain closed. The Due Process Clause does not permit the Sheriff to seal a business, without first seeking judicial review, based upon the Sheriff's own unilateral finding that the business poses an imminent threat to the public's health, safety, or welfare.

4.      The Due Process Clause further does not permit a business's continued closure for one full year, after a limited administrative review before OATH, where the Sheriff ultimately makes a unilateral decision, needing only to consider but not follow OATH's Hearing Officer's recommendation, and there is still no judicial mechanism to examine the findings and decisions made by OATH or the Sheriff.

5.      The Sheriff has unlawfully sealed over two hundred businesses in the past five-to-six weeks, all in reliance upon the SMOKEOUT Act and sections 7-551 and 7-552 of the New York City Administrative Code.  These widespread constitutional violations must stop, and Plaintiffs and the class members must be compensated for the significant monetary harm Defendants' unconstitutional actions and practices have caused Plaintiffs and the class members to incur.

## JURISDICTION AND VENUE

6.      This action arises under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

7.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(4), 1367, and 2201.

8.      Venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b) because one or more

Defendants reside in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

9.      Plaintiff Moon Rocket, Inc. is a New York Corporation doing business out of 2081 Lexington Avenue, New York, New York 10035.

10.     Plaintiff Exotics on Roosevelt, Corp. is a New York Corporation doing business out of 95-15 Roosevelt Avenue, Flushing, New York 11372.

11.     Plaintiff Smoker's World 1, Corp. is a New York Corporation doing business out of 558 7th Avenue, New York, New York 10018.

12.     Plaintiff STZ Convenience Shop, Inc. is a New York Corporation doing business out of 101-18 Astoria Boulevard, East Elmhurst, New York 11369.

13.     Plaintiff Smoke Base Convenience Store, Inc. is a New York Corporation doing business out of 14-21 College Point Boulevard, Flushing, New York 11356.

14.     Plaintiff Big Apple Convenience 2, Corp. is a New York Corporation doing business out of 355 7th Avenue, New York, New York 10001.

15.     Plaintiff Lush Convenience 161, Inc. is a New York Corporation doing business out of 90 East 161st Street, Bronx, New York 10451.

16.     Plaintiff Empire City Shop, Inc. is a New York Corporation doing business out of 30-07 39th Avenue, Long Island City, New York 11101.

17.     Plaintiff Quick Smart Convenience, Corp. is a New York Corporation doing business out of 1192 Hylan Boulevard, Staten Island, New York 10305.

18.     Plaintiff Mother Gaston Gourmet Deli, Corp. is a New York Corporation doing

business out of 413 Mother Gaston Boulevard, Brooklyn, New York 11207.

19.     Plaintiff S & M Snacks, Corp. is a New York Corporation doing business out of 268 Bay Ridge Avenue, Brooklyn, New York 11220.

20.     Plaintiff 555 Deli, Corp. is a New York Corporation doing business out of 55 Driggs Avenue, Brooklyn, New York 11211.

21.     Plaintiff Loud Pack NY, Corp. is a New York Corporation doing business out of 139-15 Francis Lewis Boulevard, Jamaica, New York 11422.

22.     Plaintiff 175 Grand Convenience, Corp. is a New York Corporation doing business out of 175 Grand Street, Brooklyn, New York 11211.

23.     Plaintiff Mao Shoppe, Corp. is a New York Corporation doing business out of 200 West End Avenue, New York, New York 10023.

24.     Plaintiff 22 Convenient Shop, Corp. is a New York Corporation doing business out of 22 4th Avenue, Brooklyn, New York 11217.

25.     Plaintiff 125 Red Eye, Inc. is a New York Corporation doing business out of 2085C Lexington Avenue, New York, New York 10035.

26.     Plaintiff Noise Pack, Corp. is a New York Corporation doing business out of 695 5th Avenue, Brooklyn, New York 11211.

27      Plaintiff Vanwyck Mini Market Corp. is a New York Corporation doing business out of 135-40 Rockaway Boulevard, South Ozone, New York 11420.

28.     Plaintiff Omega Convenience, Inc. is a New York Corporation doing business out of 3706 3rd Avenue, Store #4, Bronx, New York 10456.

29.     Plaintiff Rush Hour Exotics, Corp. is a New York Corporation doing business out of

2777 Webster Avenue, Bronx, New York 10458.

30.     Plaintiff 1452 Alpha Inc. is a New York Corporation doing business out of 1452 2nd Avenue, New York, New York 10021

31.     Plaintiff General Zaza LLC is a New York Corporation doing business out of 2150 Fulton Street, Brooklyn, New York 11233.

32.     Plaintiff 64 St. Convenience Corp. is a New York Corporation doing business out of 6906 Myrtle Avenue, Glendale, New York 11385.

33.     Plaintiff Moonshot Exotic Convenient Corp., is a New York Corporation doing business out of 2294 Frederick Douglass Boulevard, New York, New York 11027.

34.     Plaintiff Vegan Magic Inc., is a New York Corporation doing business out of 2602 East 15th Street, Brooklyn, New York 11235.

35.     Plaintiff First Choice Convenience Corp., is a New York Corporation doing business out of 758 Arthur Kill Road, Staten Island, New York 10312.

36.     Defendant City of New York is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York. Defendant New York City Department of Finance is an administrative agency for the City of New York, created by § 1501 of the New York City Charter responsible for issuing the summonses to the above-listed Defendants, leading to the sealing of Defendants' businesses. Defendant New York City Office of the Sheriff is a department for the City of New York, created by § 1526 of the New York City Charter responsible for enforcing the aforementioned summonses issued by the Department of Finance and for sealing Defendants' businesses. Defendant New York City Office of Administrative Trials and Hearings ("OATH") is an administrative agency for the City of New York, created by § 1048 of the New York City Charter

is responsible for conducting the administrative hearings to address the above-mentioned summonses issued to the above-listed Defendants, leading to the sealing of Defendants' businesses.

37.    Defendant Preston Niblack is the Commissioner of the New York City Department of Finance.

38.    Defendant Anthony Miranda is the Sheriff of the City of New York.

39.    Defendant Asim Rehman is the Commissioner of OATH.

## JURY DEMAND

40.    Plaintiffs demand a jury trial.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

41.    All conditions precedent for the filing of this action have been complied with, in that all Plaintiffs have exhausted their administrative remedies and their businesses will remain sealed based upon Defendants' actions. Furthermore, OATH's Decisions issued on cannabis summonses charging section 7-551 of the New York City Administrative Code are deemed final administrative determinations that cannot be appealed administratively with OATH or the Sheriff. See NYC Adm. Code § 7-552(b)(2).

## FACTS

42.    In April 2024, New York State enacted the SMOKEOUT Act, passed as part of New York States' 2025 fiscal year FY25 Budget Agreement, which authorized local municipalities, including cities like New York, to use multiple law enforcement agencies to enforce existing cannabis licensing requirements, including the ability to immediately shut down and seal any business suspected of selling cannabis without a New York State issued cannabis license. With amendments to the Cannabis Law and the New York City Administrative Code, the Sheriff's Office,

with assistance from local law enforcement such as the New York City Police Department, was now permitted to inspect businesses suspected of unlicensed cannabis sales, and then with the discovery of evidence showing the business possessed cannabis in a manner that creates an imminent threat to public health, or the community's safety and welfare, a sealing order may be issued that mandates the immediate closure of the business, with a potential $10,000 per day penalty (with a maximum penalty of $25,000).  See e.g. Cannabis Law §§ 2, 72, 125, and 138-b; NYC Adm. Code §§ 7-551, 7-552, and 7-553.

43.     If the Sheriff's Office issues the business a summons, it will list the Department of Finance as the Petitioner or prosecuting agency, and the summons will charge the business with violating New York City Administrative Code § 7-551(a). Section 7-551(a) is violated when an establishment is either selling or offering the sale of cannabis and/or cannabis products without a valid retail cannabis license. Upon issuing a summons to a business, charging New York City Administrative Code § 7-551(a), the Sheriff's Office makes an unilateral decision, with no prior judicial review or even administrative oversight, as to whether the business poses an imminent threat to the public's health, safety, or welfare. Upon making such a finding, that a business is an imminent threat to the public's health, safety, or welfare, New York City Administrative Code § 7-552(b) permits the Sheriff's Office, again, without any prior judicial finding, assessment, or determination, to issue a sealing order that forces the business to immediately close. After receiving such a summons and sealing order, the business is entitled to a hearing, within five business days, to determine the merits of the summons and the validity of the sealing order; however, the promised hearing is solely administrative, before a hearing officer with OATH, and not a judge presiding in an actual court.

44.     The administrative hearing before an OATH hearing officer is typically conducted over the telephone, and the actual Sheriff who issued the summons never appears for the hearing that is scheduled within five business days of issuing the sealing order. A Respondent business can request that the Sheriff, who actually issued the summons and sealing order, appear for the OATH hearing, but that would require a postponement of the hearing and Respondent's business would remain closed until the next date set for the hearing.

45.     As a result, most, if not all, hearings on these summonses and sealing orders are conducted without any actual testimony, with Petitioner presenting solely documents and photos in support of the summons charging New York City Administrative Code § 7-551 and the sealing order issued pursuant to New York City Administrative Code § 7-552(b). Therefore, Respondent businesses are never given an opportunity to confront the witnesses, by way of cross-examination, who are asserting the allegations to establish a violation of New York City Administrative Code § 7-551 and the need for a sealing under New York City Administrative Code § 7-552. The documents submitted by Petitioner during these OATH hearings usually consistent of the summons itself, along with other documents attempting to show the Respondent business is an imminent threat and other documents meant to show that the summons and sealing order were served upon the Respondent business in accordance with the requirements mandated by New York City Administrative Code sections 7-551 and 7-552. The photos presented during the OATH hearing are photos taken during the Sheriff Office's inspection of the Respondent business upon issuing the summons and sealing order.

46.     The specific service requirements for the summons and the sealing order are set forth within sections 7-551 and 7-552 of the New York City Administrative Code. For example, if the

summons is not personally served upon the business owner, then sections 7-551(c) allows for an alternative method of service, pursuant to sections 1049-a(d)(2)(a)(i) and 1049-a(d)(2)(b) of the New York City Charter, involving serving the summons upon a responsible employee of the business who is authorized to accept such service or by affixing a copy of the summons at the business location; however, if the summons is served upon an employee or affixed at the location, then the summons must also "mailed to the respondent at the address of such premises." See NYC Charter § 1049-a(d)(2)(b). Petitioner's failure to satisfy these service requirements renders service of the summons defective, and as a result, the summons must be dismissed.

47.     According to New York City Administrative Code section 7-552(b)(2), the sealing order issued by the Sheriff's Office must be "served in the same manner as section 138-b of the Cannabis Law." See NYC Adm. Code § 7-552(b)(2). Section 138-b(2) of the Cannabis Law requires that sealing orders be "served by delivery of the order to the owner of the business or other person of suitable age or discretion in actual or apparent control of the premises at the time of the inspection and shall be posted at the building or premises that have been sealed, secured and closed." See Cannabis Law § 138-b(2). In addition to personal service and posting of the sealing order, New York City Administrative Code section 7-552(b)(2) also requires that a copy of the sealing order be "mailed to any address for the owner of the business at any address provided by the person to whom such order was delivered." See Id. Therefore, effective service of a sealing order requires (1) personal service of the summons, (2) posting of the summons at the premises, and (3) mailing a copy of the summons to the owner of the business. Subdivision (10) of Cannabis Law § 138-b further requires service of the sealing order be mailed, by certified mail, to the person currently holding ownership over the real estate affected by the sealing order, as recorded in the city register or county

-10-

clerk.

48.     At the OATH hearing, in addition to determining whether the summons and sealing

order were served in accordance with the above-mentioned statutory mandates, the hearing officer

must also rule upon the merits of the violation of New York City Administrative Code section 7-551

charged in the summons and also decide whether the circumstances establish that the Respondent

business poses an imminent threat to the public's health, safety, or welfare. Again, section 7-551(a)

is violated when a business is either selling or offering the sale of cannabis without a valid retail

cannabis license.  According to subdivisions (4) and (5) of section 138-b of the Cannabis Law, any

of the following factors may be established to show a business poses an imminent threat to the

public's health, safety, or welfare: (1) documented sales to minors; (2) unlicensed processing of

cannabis products at the premises; (3) violent, tumultuous, or other behavior indicating an intent to

not comply with the order to cease; (4) documented presence of an unlawful firearm at the premises;

(5) premises' located within a 1,000 feet of a school, house of worship, or public youth facility; (6)

presence of products deemed unsafe based upon reports of illness or hospitalizations; (7) sales of,

or offers to sell, cannabis products not tested or labeled lawfully; or (8) continued cannabis sales

after receiving a civil summons and an order to cease.

49.     Following the OATH hearing, the hearing officer renders a final decision as to the

summons and merely a recommendation to the Sheriff's Office as to whether the sealing order was

properly issued. See NYC Adm. Code § 7-552(b)(2). Within four business days of the OATH

hearing, the Sheriff's Office must render its determination as to whether the business should remain

closed. See Id. Upon making such as determination, the Sheriff's Office can order the business

remain closed for one year. However, according to section 7-552(b)(2) of the New York City

Administrative Code, the Sheriff's Office may only issue and execute an order to seal a business where the business has "engaged in conduct prohibited by section 7-551" *and* "poses an imminent threat." See NYC Adm. Code § 7-552(b)(2). Thus, the statute makes clear that the sealing order may not be issued unless there is first a finding that the Respondent business has violated New York City Administrative Code section 7-551.

50.     Nonetheless, New York City Administrative Code section 7-552 permits an administrative agency, such as the Sheriff, to first seal a business suspected of illicit cannabis sales, without any prior judicial review or determination, and then nine business days later, after a limited administrative hearing with OATH, the same agency, the Sheriff, is left with the ultimate decision-making authority to decide whether a business should open or remain closed for one full year.  From start to finish, New York City Administrative Code section 7-552 gives the Sheriff's Office full control and decision-making authority, with no judicial review, first unilaterally deciding to close a business, and then nine business days later, while only having to *consider* a hearing officer's *recommendation*, ultimately deciding whether or not a business will remain closed for one full year.

51     Upon information and belief, as of the date of this affirmation, the Sheriff's Office has closed approximately 200 businesses using the statutory scheme permitted by sections 7-551 and 7-552 of the New York City Administrative Code.

52.     The 27 Plaintiffs named in this action are just a small fraction of the total number of businesses in New York City that have been closed by the Sheriff's use of sections 7-551 and 7-552 of the New York City Administrative Code.

53.     While sections 7-551 and 7-552 of the New York City Administrative Code call for an administrative review of the Sheriff's Office's decision to issue the summons and the sealing

order, this administrative review has resulted in numerous inconsistent decisions rendered by a variety of OATH hearings officers.

54.     The only chance a business is given to seek judicial review of the Sheriff's Office's sealing order and hearing officer's decision is only after the Sheriff has already ordered that the business remain sealed for one year.  After receiving a Sheriff's order to seal a business for one year, the business may pursue a judicial review of the full administrative proceedings by filing an Article 78 petition in the Supreme Court of the State of New York, but such an Article 78 action may take several months before it is decided, and the business would likely remain closed during these Article 78 proceedings.

### *The Individual Plaintiffs*

55.     As described in detail below, the Sheriff has unconstitutionally sealed the businesses of the named Plaintiffs in this action to their injury.

**(1)     Moon Rocket, Inc.**

56.     On May 18, 2024, the Sheriff and other New York City agencies, including NYPD, entered Moon Rocket, Inc. ("Moon Rocket"), located at 2081 Lexington Avenue, in New York, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Moon Rocket a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Moon Rocket, using a padlock to keep the business closed.

57.     The Sheriff did not seek any judicial review in Court before it issued the

abovementioned sealing order that fully closed Moon Rocket on May 18, 2024 and left the business completely unable to generate any revenue.

58.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Moon Rocket was to request an administrative hearing with OATH. Moon Rocket was entitled to an administrative hearing with OATH within five business days from May 18, 2024.

59.    Moon Rocket's administrative hearing with OATH took place on May 24, 2024 before a hearing officer. Moon Rocket was represented by an attorney at the hearing. During the OATH hearing on May 24, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 18, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 18, 2024.

60.    The attorney for Moon Rocket challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. The attorney for Moon Rocket also argued that the evidence was insufficient to establish an imminent threat to justify the Sheriff's closing order. The attorney pointed out there was insufficient evidence of processing to permit a finding of an imminent threat to the community.

61.     In a Decision dated May 24, 2024, Hearing Officer Viven Chiu sustained the summons against Moon Rocket, and imposed a $10,000 penalty.  However, Hearing Officer Chiu recommended that the Sheriff's sealing order be lifted because Petitioner failed to establish that Moon Rocket posed an imminent threat by engaging in unlicensed processing of cannabis products.

62.     However, despite Hearing Officer Chiu's recommendation, the Sheriff issued a Final Decision on May 31, 2024, mandating that the closing order from May 18, 2024 continue for one full year.  The Sheriff disagreed with Hearing Officer Chiu's findings and simply disregarded the Hearing Officer's recommendation to rescind the sealing order.  Instead of following the Hearing Officer Chiu's recommendation, which involved a finding after presiding over a hearing during which Hearing Officer Chiu had the opportunity to observe and examine all of the relevant and competent evidence, including potential counter-evidence offered by Moon Rocket's attorney, the Sheriff chose to unilaterally and summarily continue the sealing order from May 18, 2024 because the Sheriff simply disagreed with the Hearing Officer's findings.  A representative from the Sheriff had an opportunity to sit in on, or even participate in, the OATH hearing on May 24, 2024, but no one from the Sheriff appeared for the OATH hearing.  The Sheriff instead chose to simply override the Hearing Officer's determination and order the closure of a business for one full year.

63.     The Sheriff's immediate closure of Moon Rocket on May 18, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(2)     Exotics on Roosevelt, Corp.**

64.     On May 18, 2024, the Sheriff and other New York City agencies, including NYPD, entered Exotics on Roosevelt, Corp. ("Exotics"), located at 95-15 Roosevelt Avenue, in Flushing,

New York, and conducted a thorough search of all parts of the business's interior. The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Exotics a summons, charging a violation of New York City Administrative Code section 7-551(a). The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Exotics, using a padlock to keep the business closed.

65.    The Sheriff did not seek any judicial review in Court before it issued the abovementioned sealing order that fully closed Exotics on May 18, 2024 and left the business completely unable to generate any revenue.

66.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Exotics was to request an administrative hearing with OATH. Exotics was entitled to an administrative hearing with OATH within five business days from May 18, 2024.

67.    Exotics's administrative hearing with OATH took place on June 4, 2024 before a hearing officer. Exotics was represented by an attorney at the hearing. During the OATH hearing on June 4, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 18, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 18, 2024.

68.    The attorney for Exotics challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a),

and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.  The attorney specifically argued the summons charging Exotics was defective because it failed to state the potential penalty information. Additionally, there was insufficient evidence submitted to show the Sheriff's Order of Closure order from May 18, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

69.     In a Decision dated June 4, 2024, Hearing Officer William Ross dismissed the summons, finding that the summons was in fact defective because the summons failed to indicate the penalty information for Exotics to calculate the maximum penalty authorized.  Additionally, Hearing Officer Ross ruled that since the summons was defective and no finding was made regarding the merits of the charged violation, New York City Administrative Code § 7-551(a), he was also unable to find that Exotics posed an imminent threat to public safety; and accordingly, Hearing Officer Ross recommended that the Sheriff's sealing order be lifted.

70.     Nevertheless, despite absolutely no finding that Exotics had violated New York City Administrative Code § 7-551(a), meaning no finding that Exotics had been selling or offering the sale of cannabis or cannabis product, the Sheriff issued a Final Decision on June 10, 2024, mandating that the closing order from May 18, 2024 continue for one full year.  The Sheriff ignored the instructions and recommendation of the Hearing Officer, and instead, the Sheriff chose to unilaterally decide that Exotics should remain closed for one full year.  Even though section 7-552(b)(2) of the New York City Administrative Code only permits issuing an order to seal a business where the business has "engaged in conduct prohibited by section 7-551" *and* "poses an imminent

-17-

threat." See NYC Adm. Code § 7-552(b)(2), the Sheriff, at least in Exotics' case, still chose to issue a full one-year closing order to keep Exotics closed to the public for another year.

71.     The Sheriff's immediate closure of Exotics on May 18, 2024 and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(3)     Smoker's World 1, Corp.**

72.     On May 29, 2024, the Sheriff and other New York City agencies, including NYPD, entered Smoker's World 1, Corp. ("Smoker's World"), located at 558 7th Avenue, in New York, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Smoker's World a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Smoker's World, using a padlock to keep the business closed.

73.     The Sheriff did not seek any judicial review in Court before it issuing the above-mentioned sealing order that fully closed Smoker's World on May 29, 2024 and left the business completely unable to generate any revenue.

74.     Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Smoker's World was to request an administrative hearing with OATH. Smoker's World was entitled to an administrative hearing with OATH within five business days from May 29, 2024.

75.     Smoker's World's administrative hearing with OATH took place on June 5, 2024

before a hearing officer.  Smoker's World was represented by an attorney at the hearing.  During the OATH hearing on June 5, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony.  Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau.  No one from the Sheriff or NYPD, who were present during the inspection on May 29, 2024, testified during the OATH hearing.  Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 29, 2024.

76.    The attorney for Smoker's World challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.  The Certificate of Service attached with the summons was defective because the appropriate box for service on an employee was not checked properly.  During the actual hearing, Hearing Officer Patricia Cardoso ruled that the Certificate of Service attached with the summons was endorsed incorrectly, making service of the summons defective and requiring that the summons be dismissed.  After ruling that the summons would be dismissed, Hearing Officer Cardoso further ruled that without a violation of New York City Administrative Code § 7-551(a), the Sheriff's sealing order should be lifted.

77.    However, just one day after the OATH hearing discussed above, in a written Decision dated June 6, 2024, Hearing Officer Cardoso inexplicably issued rulings completely contradicting her oral Decision declared during the hearing on June 5, 2024.  In her oral Decision, asserted during the hearing on June 5, 2024, Hearing Officer Cardoso dismissed the summons because of defective

-19-

service and also recommended that the Sheriff's sealing order be lifted. Conversely, in her written Decision from June 6, 2024, Hearing Officer Cardoso sustained the summons, imposing a $10,000 penalty and approving of the service used to deliver the summons, while also recommending that the sealing order continue.

78.    As of the date of this affirmation, I have not received the Sheriff's Final Decision regarding Smoker's World's closure.

79.    Regardless of the Sheriff's Final Decision, Smoker's World was still closed and unable to generate any revenue for at least 14 days as a result of the Sheriff's immediate closure on May 29, 2024. Therefore, the immediate closure of Smoker's World on May 29, 2024 was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(4)    STZ Convenience Shop, Inc.**

80.    On May 7, 2024, the Sheriff and other New York City agencies, including NYPD, entered STZ Convenience Shop, Inc. ("STZ"), located at 101-18 Astoria Boulevard, in East Elmhurst, New York, and conducted a thorough search of all parts of the business's interior. The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue STZ a summons, charging a violation of New York City Administrative Code section 7-551(a). The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed STZ, using a padlock to keep the business closed.

81.    The Sheriff did not seek any judicial review in Court before it issued the abovementioned sealing order that fully closed STZ on May 7, 2024 and left the business completely unable to generate any revenue.

82.     Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to STZ was to request an administrative hearing with OATH. STZ was entitled to an administrative hearing with OATH within five business days from May 7, 2024.

83.     STZ's administrative hearing with OATH took place on May 14, 2024 before a hearing officer. STZ was represented by an attorney at the hearing. During the OATH hearing on May 14, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 7, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 7, 2024.

84.     The attorney for STZ challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. The attorney specifically argued the service of the summons was defective because the summons was never mailed to STZ in accordance with the requirements set forth in New York City Charter sections 1049-a(d)(2)(a)(i) and 1049-a(d)(2)(b). Additionally, there was no evidence submitted to show the Sheriff's Order of Closure order from May 7, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

85.     In a Decision dated May 14, 2024, Hearing Officer Donald Lash dismissed the

summons, finding service of the summons was defective. However, despite dismissing the summons and never finding a violation of New York City Administrative Code § 7-551(a), Hearing Officer Lash nevertheless recommended that the sealing remain in place.

86.    On May 20, 2024, the Sheriff issued a Final Decision, based upon the above-mentioned recommendation of Hearing Officer Lash, continuing the original sealing order and mandated that STZ remain completely closed for one year from the date of the immediate closure ordered on May 7, 2024.

87.    The Sheriff's immediate closure of STZ on May 7, 2024 and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(5)    Smoke Base Convenience Store, Inc.**

88.    On May 11, 2024, the Sheriff and other New York City agencies, including NYPD, entered Smoke Base Convenience Store, Inc. ("Smoke Base"), located 14-21 College Point Boulevard, in East Flushing, New York, and conducted a thorough search of all parts of the business's interior. The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Smoke Base a summons, charging a violation of New York City Administrative Code section 7-551(a). The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Smoke Base, using a padlock to keep the business closed.

89.    The Sheriff did not seek any judicial review in Court before it issued the abovementioned sealing order that fully closed Smoke Base on May 11, 2024 and left the business completely unable to generate any revenue.

90.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Smoke Base was to request an administrative hearing with OATH.  Smoke Base was entitled to an administrative hearing with OATH within five business days from May 11, 2024.

91.    Smoke Base's administrative hearing with OATH took place on May 17, 2024 before a hearing officer.  Smoke Base was represented by an attorney at the hearing.  During the OATH hearing on May 17, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony.  Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau.  No one from the Sheriff or NYPD, who were present during the inspection on May 11, 2024, testified during the OATH hearing.  Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 11, 2024.

92.    The attorney for Smoke Base challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.  The attorney specifically argued the service of the summons was defective because the summons was never mailed to Smoke Base in accordance with the requirements set forth in New York City Charter sections 1049-a(d)(2)(a)(i) and 1049-a(d)(2)(b).  Additionally, there was no evidence submitted to show the Sheriff's Order of Closure from May 11, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

93.    In a Decision dated May 17, 2024, Hearing Officer Geoffrey Luan dismissed the summons, finding service of the summons was defective. However, despite dismissing the summons and never finding a violation of New York City Administrative Code § 7-551(a), Hearing Officer Luan nevertheless recommended that the sealing remain in place.

94.    On May 23, 2024, the Sheriff issued a Final Decision, based upon the above-mentioned recommendation of Hearing Officer Luan, continuing the original sealing order and mandated that Smoke Base remain completely closed for one year from the date of the immediate closure ordered on May 11, 2024.

95.    The Sheriff's immediate closure of Smoke Base on May 11, 2024 and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(6)    Big Apple Convenience 2, Corp.**

96.    On May 16, 2024, the Sheriff and other New York City agencies, including NYPD, entered Big Apple Convenience 2, Corp. ("Big Apple"), located 355 7th Avenue, in New York, New York, and conducted a thorough search of all parts of the business's interior. The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Big Apple a summons, charging a violation of New York City Administrative Code section 7-551(a). The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Big Apple, using a padlock to keep the business closed.

97.    The Sheriff did not seek any judicial review in Court before it issued the abovementioned sealing order that fully closed Big Apple on May 16, 2024 and left the business

completely unable to generate any revenue.

98.     Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Big Apple was to request an administrative hearing with OATH. Big Apple was entitled to an administrative hearing with OATH within five business days from May 16, 2024.

99.     Smoke Base's administrative hearing with OATH took place on May 23, 2024 before a hearing officer. Big Apple was represented by an attorney at the hearing. During the OATH hearing on May 23, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 16, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 16, 2024.

100.    The attorney for Big Apple challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. The attorney specifically argued the service of the summons was defective because the summons was never mailed to Big Apple in accordance with the requirements set forth in New York City Charter sections 1049-a(d)(2)(a)(i) and 1049-a(d)(2)(b). Additionally, there was no evidence submitted to show the Sheriff's Order of Closure from May 16, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis

Law § 138-b.

101.    In a Decision dated May 24, 2024, Hearing Officer Malik Pearson dismissed the summons, finding service of the summons was defective.  However, despite dismissing the summons and never finding a violation of New York City Administrative Code § 7-551(a), Hearing Officer Pearson nevertheless recommended that the sealing remain in place.

102.    On May 29, 2024, the Sheriff issued a Final Decision, based upon the above-mentioned recommendation of Hearing Officer Pearson, continuing the original sealing order and mandated that Big Apple remain completely closed for one year from the date of the immediate closure ordered on May 16, 2024.

103.    The Sheriff's immediate closure of Big Apple on May 16, 2024 and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(7)    Lush Convenience 161, Inc.**

104.    On May 17, 2024, the Sheriff and other New York City agencies, including NYPD, entered Lush Convenience 161, Inc. ("Lush Convenience"), located 90 East 161st Street, in Bronx, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Lush Convenience a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Lush Convenience, using a padlock to keep the business closed.

105.    The Sheriff did not seek any judicial review in Court before it issued the

abovementioned sealing order that fully closed Lush Convenience on May 17, 2024 and left the business completely unable to generate any revenue.

106.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Lush Convenience was to request an administrative hearing with OATH. Lush Convenience was entitled to an administrative hearing with OATH within five business days from May 17, 2024.

107.    Lush Convenience's administrative hearing with OATH took place on May 24, 2024 before a hearing officer.  Lush Convenience was represented by an attorney at the hearing.  During the OATH hearing on May 24, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony.  Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau.  No one from the Sheriff or NYPD, who were present during the inspection on May 17, 2024, testified during the OATH hearing.  Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 17, 2024.

108.    The attorney for Lush Convenience challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.  The attorney specifically argued the service of the summons was defective because the summons was never mailed to Lush Convenience in accordance with the requirements set forth in New York City Charter sections 1049-a(d)(2)(a)(i) and 1049-a(d)(2)(b).  Additionally, there was no evidence submitted to show the

Sheriff's Order of Closure from May 17, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

109.    In a Decision dated May 28, 2024, Hearing Officer Alex Chung dismissed the summons, finding service of the summons was defective. However, despite dismissing the summons and never finding a violation of New York City Administrative Code § 7-551(a), Hearing Officer Chung nevertheless recommended that the sealing order remain in place.

110.    On May 30, 2024, the Sheriff issued a Final Decision, based upon the above-mentioned recommendation of Hearing Officer Chung, continuing the original sealing order and mandated that Lush Convenience remain completely closed for one year from the date of the immediate closure ordered on May 17, 2024.

111.    The Sheriff's immediate closure of Lush Convenience on May 17, 2024 and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(8)    Empire City Shop, Inc.**

112.    On May 4, 2024, the Sheriff and other New York City agencies, including NYPD, entered Empire City Shop, Inc. ("Empire"), located at 30-07 39th Avenue, Long Island City, New York, and conducted a thorough search of all parts of the business's interior. The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Empire a summons, charging a violation of New York City Administrative Code section 7-551(a). The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Empire, using a padlock to keep the business closed.

113.     The Sheriff did not seek any judicial review in Court before it issuing the above-mentioned sealing order that fully closed Empire on May 4, 2024 and left the business completely unable to generate any revenue.

114.     Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Empire was to request an administrative hearing with OATH. Empire was entitled to an administrative hearing with OATH within five business days from May 4, 2024.

115.     Empire's administrative hearing with OATH took place on May 10, 2024 before a hearing officer. Empire was represented by an attorney at the hearing. During the OATH hearing on May 10, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 4, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 4, 2024.

116.     The attorney for Empire challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. There was insufficient evidence to show the Sheriff's Order of Closure order from May 4, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

117.     In a Decision dated May 13, 2024, Hearing Officer Louis Rasso found that the

-29-

evidence presented at the hearing on May 10th was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty. Hearing Officer Rasso also recommended that the Sheriff's sealing order remain in place.

118.    On May 16, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated Empire's complete closure for one year from the date of the immediate closure ordered on May 4, 2024

119.    The Sheriff's immediate closure of Empire on May 4, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(9)    Quick Smart Convenience, Corp.**

120.    On May 7, 2024, the Sheriff and other New York City agencies, including NYPD, entered Quick Smart Convenience, Corp. ("Quick Smart"), located at 1192 Hylan Boulevard, in Staten Island, New York, and conducted a thorough search of all parts of the business's interior. The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Quick Smart a summons, charging a violation of New York City Administrative Code section 7-551(a). The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Quick Smart, using a padlock to keep the business closed.

121.    The Sheriff did not seek any judicial review in Court before it issued the abovementioned sealing order that fully closed Quick Smart on May 7, 2024 and left the business completely unable to generate any revenue.

122.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the

only recourse available to Quick Smart was to request an administrative hearing with OATH. Quick Smart was entitled to an administrative hearing with OATH within five business days from May 7, 2024.

123.    Quick Smart's administrative hearing with OATH took place on May 14, 2024 before a hearing officer. Quick Smart was represented by an attorney at the hearing. During the OATH hearing on May 14, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 7, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 7, 2024.

124.    The attorney for Quick Smart challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. The attorney specifically argued the service of the summons was defective because the summons' first page indicates that service was effected using alternative service, but the second page of the summons was executed as if the summons was served using personal service. Furthermore, the summons was never mailed to Quick Smart in accordance with the requirements set forth in New York City Charter sections 1049-a(d)(2)(a)(i) and 1049-a(d)(2)(b). Additionally, there was no evidence submitted to show the Sheriff's Order of Closure order from May 7, 2024 was ever personally delivered, posted at the

premises, and mailed in compliance with Cannabis Law § 138-b.

125.    In a Decision dated May 15, 2024, Hearing Officer Malik Pearson found that the evidence presented at the hearing on May 14th was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty.  Hearing Officer Pearson also recommended that the Sheriff's sealing order remain in place.

126.    On May 20, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated Quick Smart's complete closure for one year from the date of the immediate closure ordered on May 7, 2024.

127.    The Sheriff's immediate closure of Quick Smart on May 7, 2024 and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(10)    Mother Gaston Gourmet Deli, Corp.**

128.    On May 9, 2024, the Sheriff and other New York City agencies, including NYPD, entered Mother Gaston Gourmet Deli, Corp. ("Mother Gaston"), located at 413 Mother Gaston Boulevard, in Brooklyn, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Mother Gaston a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Mother Gaston, using a padlock to keep the business closed.

129.    The Sheriff did not seek any judicial review in Court before it issued the abovementioned sealing order that fully closed Mother Gaston on May 9, 2024 and left the business

completely unable to generate any revenue.

130.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Mother Gaston was to request an administrative hearing with OATH. Mother Gaston was entitled to an administrative hearing with OATH within five business days from May 9, 2024.

131.    Mother Gaston's administrative hearing with OATH took place on May 16, 2024 before a hearing officer. Mother Gaston was represented by an attorney at the hearing. During the OATH hearing on May 16, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 9, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 9, 2024.

132.    The attorney for Mother Gaston challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. The attorney specifically argued that the evidence submitted in support of the summons was insufficient because the attorney for the Petitioner presented evidence (e.g. documents and photos) associated with a different business and different location (in no way associated with Mother Gaston). Given the lack of evidence in support of the summons actually charging Mother Gaston, the attorney for Mother

Gaston also argued that the sealing order should be rescinded.

133.    In a Decision dated May 17, 2024, despite the lack of evidence submitted by Petitioner in support of the summons charging Mother Gaston, Hearing Officer Malik Pearson still sustained the summons against Mother Gaston, relying entirely upon the summons itself (even though there was no evidence presented to support of corroborate the allegations asserted in the summons).  However, given the lack of evidence submitted in support of the charged summons, Hearing Officer Pearson did recommend that the Sheriff's sealing order be rescinded.

134.    On May 21, 2024, the Sheriff issued a Final Decision, rescinding the original closing order from May 9, 2024, and Mother Gaston was permitted to re-open at the closed location.

135.    Even though the original closing order was later rescinded, Mother Gaston was still closed and unable to generate any revenue for 13 days as a result of the Sheriff's immediate closure on May 9, 2024.  Therefore, the immediate closure of Mother Gaston on May 9, 2024 was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(11)    S & M Snacks, Corp.**

136.    On May 9, 2024, the Sheriff and other New York City agencies, including NYPD, entered S & M Snacks Shop, Inc. ("S & M Snacks"), located at 268 Bay Ridge Avenue, Brooklyn, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue S & M Snacks a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed S & M Snacks, using a padlock to keep the business closed.

137.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed S & M Snacks on May 9, 2024 and left the business completely unable to generate any revenue.

138.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to S & M Snacks was to request an administrative hearing with OATH.  S & M Snacks was entitled to an administrative hearing with OATH within five business days from May 9, 2024.

139.    S & M Snacks's administrative hearing with OATH took place on May 16, 2024 before a hearing officer.  S & M Snacks was represented by an attorney at the hearing.  During the OATH hearing on May 16, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony.  Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau.  No one from the Sheriff or NYPD, who were present during the inspection on May 9, 2024, testified during the OATH hearing.  Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 9, 2024.

140.    The attorney for S & M Snacks challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.  There was insufficient evidence to show the Sheriff's Order of Closure order from May 9, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

141.    In a Decision dated May 17, 2024, Hearing Officer William Ross found that the evidence presented at the hearing on May 16th was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty.  Hearing Officer Ross also recommended that the Sheriff's sealing order remain in place.

142.    On May 21, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated S & M Snacks's complete closure for one year from the date of the immediate closure ordered on May 9, 2024

143.    The Sheriff's immediate closure of S & M Snacks on May 9, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(12)    555 Deli, Corp.**

144.    On May 11, 2024, the Sheriff and other New York City agencies, including NYPD, entered 555 Deli, Corp. ("555 Deli"), located at 268 Bay Ridge Avenue, Brooklyn, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue 555 Deli a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed 555 Deli, using a padlock to keep the business closed.

145.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed 555 Deli on May 11, 2024 and left the business completely unable to generate any revenue.

146.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the

only recourse available to 555 Deli was to request an administrative hearing with OATH. 555 Deli was entitled to an administrative hearing with OATH within five business days from May 11, 2024.

147.    555 Deli's administrative hearing with OATH took place on May 17, 2024 before a hearing officer. 555 Deli was represented by an attorney at the hearing. During the OATH hearing on May 17, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 11, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 11, 2024.

148.    The attorney for 555 Deli challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. There was insufficient evidence to show the Sheriff's Order of Closure order from May 11, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

149.    In a Decision dated May 20, 2024, Hearing Officer Takara Strong found that the evidence presented at the hearing on May 17th was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty. Hearing Officer Strong also recommended that the Sheriff's sealing order remain in place.

150.    On May 23, 2024, the Sheriff issued a Final Decision that continued the original

sealing order and mandated 555 Deli's complete closure for one year from the date of the immediate

closure ordered on May 11, 2024

151.    The Sheriff's immediate closure of 555 Deli on May 11, 2024, and the subsequent

one year closure ordered by the Sheriff, all without any judicial review or approval, was

unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(13)    Loud Pack NY, Corp.**

152.    On May 11, 2024, the Sheriff and other New York City agencies, including NYPD,

entered Loud Pack NY, Corp. ("Loud Pack"), located at 139-15 Francis Lewis Boulevard, in

Jamaica, New York, and conducted a thorough search of all parts of the business's interior.  The

Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Loud

Pack a summons, charging a violation of New York City Administrative Code section 7-551(a).  The

Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552

and Cannabis Law section 138-b, which immediately closed Loud Pack, using a padlock to keep the

business closed.

153.    The Sheriff did not seek any judicial review in Court before issuing the above-

mentioned sealing order that fully closed Loud Pack on May 11, 2024 and left the business

completely unable to generate any revenue.

154.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the

only recourse available to Loud Pack was to request an administrative hearing with OATH.  Loud

Pack was entitled to an administrative hearing with OATH within five business days from May 11,

2024.

155.    Loud Pack's administrative hearing with OATH took place on May 17, 2024 before

-38-

a hearing officer. Loud Pack was represented by an attorney at the hearing. During the OATH hearing on May 17, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 11, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 11, 2024.

156    The attorney for Loud Pack challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. There was insufficient evidence to show the Sheriff's Order of Closure order from May 11, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

157.    In a Decision dated May 20, 2024, Hearing Officer Alex Chung found that the evidence presented at the hearing on May 17th was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty. Hearing Officer Chung also recommended that the Sheriff's sealing order remain in place.

158.    On May 23, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated Loud Pack's complete closure for one year from the date of the immediate closure ordered on May 11, 2024

159.    The Sheriff's immediate closure of Loud Pack on May 11, 2024, and the subsequent

one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(14)    175 Grand Convenience, Corp.**

160.    On May 15, 2024, the Sheriff and other New York City agencies, including NYPD, entered 175 Grand Convenience, Corp. ("175 Grand Convenience"), located at 175 Grand Street, in Brooklyn, New York, and conducted a thorough search of all parts of the business's interior. The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue 175 Grand Convenience a summons, charging a violation of New York City Administrative Code section 7-551(a). The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed 175 Grand Convenience, using a padlock to keep the business closed.

161.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed 175 Grand Convenience on May 15, 2024 and left the business completely unable to generate any revenue.

162.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to 175 Grand Convenience was to request an administrative hearing with OATH. 175 Grand Convenience was entitled to an administrative hearing with OATH within five business days from May 15, 2024.

163.    175 Grand Convenience's administrative hearing with OATH took place on May 22, 2024 before a hearing officer. 175 Grand Convenience was represented by an attorney at the hearing. During the OATH hearing on May 22, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the

New York City Police Department's Legal Bureau.  No one from the Sheriff or NYPD, who were present during the inspection on May 15, 2024, testified during the OATH hearing.  Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 15, 2024.

164.    The attorney for 175 Grand Convenience challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.  There was insufficient evidence to show the Sheriff's Order of Closure from May 15, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

165.    In a Decision dated May 22, 2024, Hearing Officer Takara Strong found that the evidence presented at the hearing on May 22nd was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty.  Hearing Officer Strong also recommended that the Sheriff's sealing order remain in place.

166.    On May 28, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated 175 Grand Convenience's complete closure for one year from the date of the immediate closure ordered on May 15, 2024

167.    The Sheriff's immediate closure of 175 Grand Convenience on May 15, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(15)    Mao Shoppe, Corp.**

168.    On May 15, 2024, the Sheriff and other New York City agencies, including NYPD, entered Mao Shoppe, Corp. ("Mao Shoppe"), located at 200 West End Avenue, in New York, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Mao Shoppe a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Mao Shoppe, using a padlock to keep the business closed.

169.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed Mao Shoppe on May 15, 2024 and left the business completely unable to generate any revenue.

170.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Mao Shoppe was to request an administrative hearing with OATH.  Mao Shoppe was entitled to an administrative hearing with OATH within five business days from May 15, 2024.

171.    Mao Shoppe's administrative hearing with OATH took place on May 22, 2024 before a hearing officer.  Mao Shoppe was represented by an attorney at the hearing.  During the OATH hearing on May 22, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony.  Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau.  No one from the Sheriff or NYPD, who were present during the inspection on May 15, 2024, testified during the OATH hearing.  Instead, Petitioner submitted

various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 15, 2024.

172.    The attorney for Mao Shoppe challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.  There was insufficient evidence to show the Sheriff's Order of Closure from May 15, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

173.    In a Decision dated May 22, 2024, Hearing Officer Kristina Ross found that the evidence presented at the hearing on May 22nd was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty.  Hearing Officer Ross also recommended that the Sheriff's sealing order remain in place.

174.    On May 28, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated Mao Shoppe's complete closure for one year from the date of the immediate closure ordered on May 15, 2024

175.    The Sheriff's immediate closure of Noise Pack on May 15, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(16)    22 Convenient Shop, Corp.**

176.    On May 16, 2024, the Sheriff and other New York City agencies, including NYPD, entered 22 Convenient Shop, Corp. ("22 Convenient Shop"), located at 22 4th Avenue, in Brooklyn,

New York, and conducted a thorough search of all parts of the business's interior. The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue 22 Convenient Shop a summons, charging a violation of New York City Administrative Code section 7-551(a). The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed 22 Convenient Shop, using a padlock to keep the business closed.

177.    The Sheriff did not seek any judicial review in Court before it issued the abovementioned sealing order that fully closed 22 Convenient Shop on May 16, 2024 and left the business completely unable to generate any revenue.

178.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to 22 Convenient Shop was to request an administrative hearing with OATH. 22 Convenient Shop was entitled to an administrative hearing with OATH within five business days from May 16, 2024.

179.    22 Convenient Shop's administrative hearing with OATH took place on May 23, 2024 before a hearing officer. 22 Convenient Shop was represented by an attorney at the hearing. During the OATH hearing on May 23, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 16, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 16, 2024.

180.    The attorney for 22 Convenient Shop challenged whether the evidence presented at

the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.

181.    In a Decision dated May 23, 2024, Hearing Officer Donald Lash sustained the summons against 22 Convenient Shop, and imposed a $10,000 penalty.  However, given the defective service of the Sheriff's sealing order, Hearing Officer Lash did recommend that the Sheriff's sealing order be rescinded.

182.    On May 29, 2024, the Sheriff issued a Final Decision, rescinding the original closing order from May 16, 2024, and 22 Convenient Shop was permitted to re-open at the closed location.

183.    Even though the original closing order was later rescinded, 22 Convenient Shop was still closed and unable to generate any revenue for 14 days as a result of the Sheriff's immediate closure on May 16, 2024.  Therefore, the immediate closure of 22 Convenient Shop on May 16, 2024 was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(17)    125 Red Eye, Inc.**

184.    On May 18, 2024, the Sheriff and other New York City agencies, including NYPD, entered 125 Red Eye, Inc. ("125 Red Eye"), located at 2085C Lexington Avenue, in New York, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue 125 Red Eye a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed 125 Red Eye, using a padlock to keep the

business closed.

185.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed 125 Red Eye on May 18, 2024 and left the business completely unable to generate any revenue.

186.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to 125 Red Eye was to request an administrative hearing with OATH.  125 Red Eye was entitled to an administrative hearing with OATH within five business days from May 18, 2024.

187.    125 Red Eye's administrative hearing with OATH took place on May 24, 2024 before a hearing officer.  125 Red Eye was represented by an attorney at the hearing.  During the OATH hearing on May 24, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony.  Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau.  No one from the Sheriff or NYPD, who were present during the inspection on May 18, 2024, testified during the OATH hearing.  Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 18, 2024.

188.    The attorney for 125 Red Eye challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.  There was insufficient evidence to show the Sheriff's Order of Closure from May 18, 2024 was ever personally delivered,

posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

189.    In a Decision dated May 28, 2024, Hearing Officer Brian Dolan found that the evidence presented at the hearing on May 24th was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty.  Hearing Officer Dolan also recommended that the Sheriff's sealing order remain in place.

190.    On May 31, 2024, the Sheriff issued a Final Decision that actually rescinded the immediate closure ordered from May 18, 2024 because it was determined after the conclusion of the OATH hearing on May 28, 2024 that two sets of photos, taken during two separate and distinct inspections at two different businesses, were submitted into evidence against 125 Red Eye.

191.    Even though the original closing order was later rescinded, 125 Red Eye was still closed and unable to generate any revenue for 14 days as a result of the Sheriff's immediate closure on May 18, 2024.  Therefore, the immediate closure of 125 Red Eye on May 18, 2024 was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(18)    Noise Pack, Corp.**

192.    On May 17, 2024, the Sheriff and other New York City agencies, including NYPD, entered Noise Pack, Corp. ("Noise Pack"), located at 695 5th Avenue, in Brooklyn, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Noise Pack a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Noise Pack, using a padlock to keep the business closed.

193.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed Noise Pack on May 17, 2024 and left the business completely unable to generate any revenue.

194.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Noise Pack was to request an administrative hearing with OATH. Noise Pack was entitled to an administrative hearing with OATH within five business days from May 17, 2024.

195.    Noise Pack's administrative hearing with OATH took place on May 24, 2024 before a hearing officer. Noise Pack was represented by an attorney at the hearing. During the OATH hearing on May 24, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 17, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 17, 2024.

196.    The attorney for Noise Pack challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. There was insufficient evidence to show the Sheriff's Order of Closure from May 17, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

-48-

197.    In a Decision dated May 24, 2024, Hearing Officer Samantha Chetrit found that the evidence presented at the hearing on May 24th was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty.  Hearing Officer Chetrit also recommended that the Sheriff's sealing order remain in place.

198.    On May 30, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated Noise Pack's complete closure for one year from the date of the immediate closure ordered on May 17, 2024

199.    The Sheriff's immediate closure of Noise Pack on May 17, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(19)    Vanwyck Mini Market, Corp.**

200.    On May 22, 2024, the Sheriff and other New York City agencies, including NYPD, entered Vanwyck Mini Market, Corp. ("Vanwyck"), located at 135-40 Rockaway Boulevard, in South Ozone, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Vanwyck a summons, charging a violation of New York City Administrative Code section 7-551(a). The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Vanwyck, using a padlock to keep the business closed.

201.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed Vanwyck on May 22, 2024 and left the business completely unable to generate any revenue.

202.     Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Vanwyck was to request an administrative hearing with OATH. Vanwyck was entitled to an administrative hearing with OATH within five business days from May 22, 2024.

203.     Vanwyck's administrative hearing with OATH took place on May 30, 2024 before a hearing officer. Vanwyck was represented by an attorney at the hearing. During the OATH hearing on May 30, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 22, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 22, 2024.

204.     The attorney for Vanwyck challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. Respondent's attorney also argued that the summons' failure to indicate a time for the occurrence was a fatal flaw that mandated the dismissal of the summons. The attorney also asserted there was insufficient evidence to show the Sheriff's Order of Closure from May 22, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

205.     In a Decision dated May 30, 2024, Hearing Officer Takara Strong found that the evidence presented at the hearing on May 30th was sufficient to sustain the charge of New York City

Administrative Code § 7-551(a), and imposed a $10,000 penalty.  Hearing Officer Strong also recommended that the Sheriff's sealing order remain in place.

206.    On June 4, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated Vanwyck's complete closure for one year from the date of the immediate closure ordered on May 22, 2024

207.    The Sheriff's immediate closure of Vanwyck on May 22, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(20)    Omega Convenience, Inc.**

208.    On May 22, 2024, the Sheriff and other New York City agencies, including NYPD, entered Omega Convenience, Inc. ("Omega"), located at 3706 3rd Avenue, Store #4, in Bronx, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Omega a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Omega, using a padlock to keep the business closed.

209.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed Omega on May 22, 2024 and left the business completely unable to generate any revenue.

210.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Omega was to request an administrative hearing with OATH.  Omega was

entitled to an administrative hearing with OATH within five business days from May 22, 2024.

211.    Omega's administrative hearing with OATH took place on May 30, 2024 before a

hearing officer.  Omega was represented by an attorney at the hearing.  During the OATH hearing

on May 30, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no

actual testimony.  Petitioner was represented by an attorney with the New York City Police

Department's Legal Bureau.  No one from the Sheriff or NYPD, who were present during the

inspection on May 22, 2024, testified during the OATH hearing.  Instead, Petitioner submitted

various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search

of the business on May 22, 2024.

212.    The attorney for Omega challenged whether the evidence presented at the hearing was

legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and

also argued that the service of the summons and the sealing order were defective because the service

did not comport with statutory requirements found in New York City Administrative Code §§ 7-551

and 7-552 and Cannabis Law § 138-b.  There was insufficient evidence to show the Sheriff's Order

of Closure from May 22, 2024 was ever personally delivered, posted at the premises, and mailed in

compliance with Cannabis Law § 138-b.

213.    In a Decision dated May 31, 2024, Hearing Officer William Ross found that the

evidence presented at the hearing on May 30th was sufficient to sustain the charge of New York City

Administrative Code § 7-551(a), and imposed a $10,000 penalty.  Hearing Officer Ross also

recommended that the Sheriff's sealing order remain in place.

214.    On June 4, 2024, the Sheriff issued a Final Decision that continued the original

sealing order and mandated Omega's complete closure for one year from the date of the immediate

closure ordered on May 22, 2024

215.    The Sheriff's immediate closure of Omega on May 22, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(21)    Rush Hour Exotics Corp.**

216.    On May 22, 2024, the Sheriff and other New York City agencies, including NYPD, entered Rush Hour Exotics, Corp. ("Rush Hour"), located at 2777 Webster Avenue, in Bronx, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Rush Hour a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Rush Hour, using a padlock to keep the business closed.

217.    The Sheriff did not seek any judicial review in Court before it issued the abovementioned sealing order that fully closed Rush Hour on May 22, 2024 and left the business completely unable to generate any revenue.

218.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Rush Hour was to request an administrative hearing with OATH.  Rush Hour was entitled to an administrative hearing with OATH within five business days from May 22, 2024.

219.    Rush Hour's administrative hearing with OATH took place on May 30, 2024 before a hearing officer.  Rush Hour was represented by an attorney at the hearing.  During the OATH

hearing on May 30, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 22, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 22, 2024.

220.    The attorney for Rush Hour challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.

221.    In a Decision dated May 30, 2024, Hearing Officer Hannah Pinto sustained the summons against Rush Hour, and imposed a $10,000 penalty. However, given the defective service of the Sheriff's sealing order, Hearing Officer Pinto did recommend that the Sheriff's sealing order be rescinded.

222.    On June 5, 2024, the Sheriff issued a Final Decision, rescinding the original closing order from May 22, 2024, and Rush Hour was permitted to re-open at the closed location.

223.    Even though the original closing order was later rescinded, Rush Hour was still closed and unable to generate any revenue for 15 days as a result of the Sheriff's immediate closure on May 22, 2024. Therefore, the immediate closure of Rush Hour on May 22, 2024 was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(22)    1452 Alpha, Inc.**

224.    On May 23, 2024, the Sheriff and other New York City agencies, including NYPD, entered 1452 Alpha, Inc. ("1452 Alpha"), located at 1452 2nd Avenue, in New York, New York, and conducted a thorough search of all parts of the business's interior.   The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue 1452 Alpha a summons, charging a violation of New York City Administrative Code section 7-551(a).   The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed 1452 Alpha, using a padlock to keep the business closed.

225.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed 1452 Alpha on May 23, 2024 and left the business completely unable to generate any revenue.

226.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to 1452 Alpha was to request an administrative hearing with OATH.  1452 Alpha was entitled to an administrative hearing with OATH within five business days from May 23, 2024.

227.    1452 Alpha's administrative hearing with OATH took place on May 31, 2024 before a hearing officer.  1452 Alpha was represented by an attorney at the hearing.   During the OATH hearing on May 31, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony.   Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau.  No one from the Sheriff or NYPD, who were present during the inspection on May 23, 2024, testified during the OATH hearing.   Instead, Petitioner submitted

various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 23, 2024.

228.    The attorney for 1452 Alpha challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.  There was insufficient evidence to show the Sheriff's Order of Closure from May 23, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

229.    In a Decision dated May 31, 2024, Hearing Officer Takara Strong found that the evidence presented at the hearing on May 31st was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty.  Hearing Officer Strong also recommended that the Sheriff's sealing order remain in place.

230.    On June 6, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated 1452 Alpha's complete closure for one year from the date of the immediate closure ordered on May 23, 2024

231.    The Sheriff's immediate closure of 1452 Alpha on May 23, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(23)    General Zaza, LLC**

232.    On May 23, 2024, the Sheriff and other New York City agencies, including NYPD, entered General Zaza, LLC ("General Zaza"), located at 1452 2nd Avenue, in New York, New York,

and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue General Zaza a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed General Zaza, using a padlock to keep the business closed.

233.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed General Zaza on May 23, 2024 and left the business completely unable to generate any revenue.

234.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to General Zaza was to request an administrative hearing with OATH. General Zaza was entitled to an administrative hearing with OATH within five business days from May 23, 2024.

235.    General Zaza's administrative hearing with OATH took place on May 31, 2024 before a hearing officer.  General Zaza was represented by an attorney at the hearing.  During the OATH hearing on May 31, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony.  Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau.  No one from the Sheriff or NYPD, who were present during the inspection on May 23, 2024, testified during the OATH hearing.  Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 23, 2024.

236.    The attorney for General Zaza challenged whether the evidence presented at the

hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.  There was insufficient evidence to show the Sheriff's Order of Closure from May 23, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

237.    In a Decision dated May 31, 2024, Hearing Officer Malik Pearson found that the evidence presented at the hearing on May 31st was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty.  Hearing Officer Pearson also recommended that the Sheriff's sealing order remain in place.

238.    On June 6, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated General Zaza's complete closure for one year from the date of the immediate closure ordered on May 23, 2024

239.    The Sheriff's immediate closure of General Zaza on May 23, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(24)    64 St. Convenience, Corp.**

240.    On May 23, 2024, the Sheriff and other New York City agencies, including NYPD, entered 64 St. Convenience, Corp. ("64 St. Convenience"), located at 6906 Myrtle Avenue, in Glendale, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue 64 St. Convenience a summons, charging a violation of New York City Administrative Code section

7-551(a). The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed 64 St. Convenience, using a padlock to keep the business closed.

241.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed 64 St. Convenience on May 23, 2024 and left the business completely unable to generate any revenue.

242.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to 64 St. Convenience was to request an administrative hearing with OATH. 64 St. Convenience was entitled to an administrative hearing with OATH within five business days from May 23, 2024.

243.    64 St. Convenience's administrative hearing with OATH took place on May 31, 2024 before a hearing officer. 64 St. Convenience was represented by an attorney at the hearing. During the OATH hearing on May 31, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 23, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 23, 2024.

244.    The attorney for 64 St. Convenience challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City

Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. There was insufficient evidence to show the Sheriff's Order of Closure from May 23, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

245. In a Decision dated May 31, 2024, Hearing Officer Malik Pearson found that the evidence presented at the hearing on May 31st was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty. Hearing Officer Pearson also recommended that the Sheriff's sealing order remain in place.

246. On June 6, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated 64 St. Convenience's complete closure for one year from the date of the immediate closure ordered on May 23, 2024

247. The Sheriff's immediate closure of 64 St. Convenience on May 23, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(25)  Moonshot Exotic Convenient, Corp.**

248. On May 28, 2024, the Sheriff and other New York City agencies, including NYPD, entered Moonshot Exotic Convenient, Corp. ("Moonshot"), located at 2294 Frederick Douglass Boulevard, in New York, New York, and conducted a thorough search of all parts of the business's interior. The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue a summons, under the name Moonshot Exotic & Convenience, Corp., charging a violation of New York City Administrative Code section 7-551(a). The Sheriff also issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Moonshot, using a padlock to keep the business closed.

249.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed Moonshot on May 28, 2024 and left the business completely unable to generate any revenue.

250.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Moonshot was to request an administrative hearing with OATH. Moonshot was entitled to an administrative hearing with OATH within five business days from May 28, 2024.

251.    Moonshot's administrative hearing with OATH took place on June 4, 2024 before a hearing officer.  Moonshot was represented by an attorney at the hearing.  During the OATH hearing on June 4, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony.  Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau.  No one from the Sheriff or NYPD, who were present during the inspection on May 28, 2024, testified during the OATH hearing.  Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 28, 2024.

252.    The attorney for Moonshot challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b.  There was insufficient evidence to show the Sheriff's Order of Closure from May 28, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

253.    In a Decision dated June 4, 2024, Hearing Officer Alex Chung found that the evidence presented at the hearing on June 4th was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty.  Hearing Officer Chung also recommended that the Sheriff's sealing order remain in place.

254.    On June 10, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated Moonshot's complete closure for one year from the date of the immediate closure ordered on May 28, 2024

255.    The Sheriff's immediate closure of Moonshot on May 28, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(26)    Vegan Magic, Inc.**

256.    On May 28, 2024, the Sheriff and other New York City agencies, including NYPD, entered Vegan Magic, Inc. ("Vegan Magic"), located at 2602 East 15th Street, in Brooklyn, New York, and conducted a thorough search of all parts of the business's interior, along with other businesses located in the same general vicinity of Vegan Magic.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue Vegan Magic a summons, charging a violation of New York City Administrative Code section 7-551(a).  The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed Vegan Magic, using a padlock to keep the business closed.

257.    The Sheriff did not seek any judicial review in Court before it issued the abovementioned sealing order that fully closed Vegan Magic on May 28, 2024 and left the business completely unable to generate any revenue.

258. Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the only recourse available to Vegan Magic was to request an administrative hearing with OATH. Vegan Magic was entitled to an administrative hearing with OATH within five business days from May 28, 2024.

259. Vegan Magic's administrative hearing with OATH took place on June 4, 2024 before a hearing officer. Vegan Magic was represented by an attorney at the hearing. During the OATH hearing on June 4, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 28, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 28, 2024.

260. The attorney for Vegan Magic challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. The attorney for Vegan Magic also called the business' owner, Mr. Lunin, as a witness. Mr. Lunin testified that his business, Vegan Magic, was a bakery that was yet to open and his business, Vegan Magic, had absolutely nothing to do with any cannabis or cannabis products that may have been discovered inside of another business located nearby Vegan Magic.

261. In a Decision dated June 5, 2024, Hearing Officer Kristine Ross sustained the

summons against Vegan Magic, and imposed a $10,000 penalty.  However, given the defective service of the Sheriff's sealing order, Hearing Officer Ross did recommend that the Sheriff's sealing order be rescinded.

262.    On June 10, 2024, the Sheriff issued a Final Decision, rescinding the original closing order from May 28, 2024, and Vegan Magic was permitted to re-open at the closed location.

263.    Even though the original closing order was later rescinded, Vegan Magic was still closed and unable to generate any revenue for 14 days as a result of the Sheriff's immediate closure on May 28, 2024.  Therefore, the immediate closure of Vegan Magic on May 28, 2024 was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**(27)    First Choice Convenience, Corp.**

264.    On May 29, 2024, the Sheriff and other New York City agencies, including NYPD, entered First Choice Convenience, Corp. ("First Choice"), located at 758 Arthur Kill Road, in Staten Island, New York, and conducted a thorough search of all parts of the business's interior.  The Sheriff seized alleged cannabis and cannabis products during the search, and proceeded to issue First Choice a summons, charging a violation of New York City Administrative Code section 7-551(a). The Sheriff then issued a sealing order, pursuant to New York City Administrative Code section 7-552 and Cannabis Law section 138-b, which immediately closed First Choice, using a padlock to keep the business closed.

265.    The Sheriff did not seek any judicial review in Court before issuing the above-mentioned sealing order that fully closed First Choice on May 29, 2024 and left the business completely unable to generate any revenue.

266.    Pursuant to sections 7-551 and 7-552 of the New York City Administrative Code, the

only recourse available to First Choice was to request an administrative hearing with OATH. First Choice was entitled to an administrative hearing with OATH within five business days from May 29, 2024.

267.    First Choice's administrative hearing with OATH took place on June 5, 2024 before a hearing officer. First Choice was represented by an attorney at the hearing. During the OATH hearing on June 5, 2024, Petitioner, Department of Finance, acting as the enforcement agency, offered no actual testimony. Petitioner was represented by an attorney with the New York City Police Department's Legal Bureau. No one from the Sheriff or NYPD, who were present during the inspection on May 29, 2024, testified during the OATH hearing. Instead, Petitioner submitted various documents and photos taken by the Sheriff and/or NYPD during the abovementioned search of the business on May 29, 2024.

268.    The attorney for First Choice challenged whether the evidence presented at the hearing was legally sufficient to sustain the charged offense, New York City Administrative Code § 7-551(a), and also argued that the service of the summons and the sealing order were defective because the service did not comport with statutory requirements found in New York City Administrative Code §§ 7-551 and 7-552 and Cannabis Law § 138-b. There was insufficient evidence to show the Sheriff's Order of Closure from May 29, 2024 was ever personally delivered, posted at the premises, and mailed in compliance with Cannabis Law § 138-b.

269.    In a Decision dated June 5, 2024, Hearing Officer Viven Chiu found that the evidence presented at the hearing on June 5th was sufficient to sustain the charge of New York City Administrative Code § 7-551(a), and imposed a $10,000 penalty. Hearing Officer Chiu also recommended that the Sheriff's sealing order remain in place.

-65-

270.    On June 10, 2024, the Sheriff issued a Final Decision that continued the original sealing order and mandated First Choice's complete closure for one year from the date of the immediate closure ordered on May 29, 2024

271.    The Sheriff's immediate closure of First Choice on May 29, 2024, and the subsequent one year closure ordered by the Sheriff, all without any judicial review or approval, was unconstitutional, in violation of the Due Process Clause of the United States Constitution.

**Class Action Allegations**

272.    Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all entities whose businesses have been sealed by the Sheriff's Office relying upon sections 7-551 and 7-552 of the New York City Administrative Code.

273.    This case is appropriate for treatment as a class action under Rule 23(b)(1)(A) because the prosecution of separate actions will create the risk of inconsistent or varying adjudications, thus establishing incompatible standards of conduct for Defendants.

274.    This case also should be certified as an injunctive class under Rule 23(b)(2) because Defendants have acted, or failed to act, on grounds generally applicable to the putative class, thereby making appropriate final injunctive relief with respect to the Rule (b)(2) class as a whole.

275.    This case also is appropriate for treatment as a damages class under Rule 23(b)(3) because common issues predominate over individual issues, and a class action resolving the claims of this putative damages class is superior to any other method of fair and efficient adjudication.

276.    The class is so numerous that joinder of all members would be impractical. Upon information and belief, the putative class includes over 200 members.

277.    There are questions of law and fact common to the class that predominate over

questions affecting only individual members, including the core question of the constitutionality of New York City Administrative Code sections 7-551 and 7-552.

278.    The claims of the class representative are typical of the claims of the class members.

279.    The entire class will benefit from the remedial and monetary relief sought by the putative class representatives.

280.    The class representatives will fairly and adequately protect the interests of the class. There are no conflicts of interest between the class representatives and the absent class members, and the class representatives will vigorously prosecute this action on behalf of the class.

281.    Defendants have consistently acted and refused to act in ways generally applicable to the class.

282.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because: (a) the prosecution of hundreds of separate actions would be inefficient and wasteful of legal resources; (b) the members of the class are scattered throughout New York City and beyond and are not likely to be able to vindicate and enforce their constitutional rights unless this action is maintained as a class action; (c) the issues raised can be more fairly and efficiently resolved in the context of a single class action than piecemeal in many separate actions; (d) the resolution of litigation in a single forum will avoid the danger and resultant confusion of possible inconsistent determinations; (e) the prosecution of separate actions would create the risk of inconsistent or varying adjudications with respect to individuals pursuing claims against Defendants which would establish incompatible standards of conduct for Defendants; (f) Defendants have acted and will act on grounds applicable to all class members, making final declaratory and injunctive relief on behalf of all members necessary and appropriate; and (g) questions of law and/or

fact common to members of the class, especially on issues of liability predominate over any question, such as that of individual damages, that affect individual members.

283.    There will be no extraordinary difficulty in the management of the class action.

**CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Fourteenth Amendment – Due Process Clause)**

284.    Plaintiffs hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

285.    The Sheriff's immediate and unilateral act of sealing businesses, while executing and enforcing the SMOKEOUT Act, which requires no prior judicial review before closing a business, is a violation the Due Process Clause of the Fifth and Fourteenth Amendments.

286.    The SMOKEOUT Act further violates the Due Process Clause of the Fourteenth Amendment because even with no judicial process afforded before the Sheriff seals a business, the Sheriff is then authorized to, after merely considering a recommendation from an OATH hearing officer, seal a business for one full year, all without any Court review or determination of wrongdoing by the business.

287.    The Sheriff chooses to close a business based upon its own unilateral decision that a business was selling or offering to sell cannabis without a license and poses an imminent threat to the public's health, safety, or welfare.

288.    While a business sealed by the Sheriff is given an administrative hearing before OATH within five business days of being closed, the numerous hearing officers with OATH have issued inconsistent Decisions, and the Sheriff, regardless of OATH's recommended Decision, still retains the sole decision-making authority as to whether the business will remain closed.  See

Plaintiffs Moon Rocket, Inc. and Exotics on Roosevelt, Corp. claims, discussed above.

289.    The Due Process Clause does not permit the Sheriff to seal a business, without first seeking judicial review, based upon the Sheriff's own unilateral finding that the business poses an imminent threat to the public's health, safety, or welfare.  See Harrell v. City of New York, 138 F.Supp.3d 479 (SDNY 2015)

290.    The Due Process Clause of the Fifth and Fourteenth Amendments prevents the government from depriving one's property without due process of law.  A business owner must receive notice and an opportunity to be heard before the government may deprive the owner's business.  See United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993).  Seizure of property without prior judicial review violates due process unless the government can establish some exigent circumstances because real property cannot be removed from a location and less restrictive means are available.  See James Daniel Good Real Prop., 510 U.S. at 56-59.  Courts have consistently held that a hearing is required *before* one may be deprived of a property interest.  See Wolff v. McDonnell, 418 U.S.539 (1974); see also Mathews v. Eldridge, 424 U.S.319 (1976).

291.    The Due Process Clause does not permit a business's continued closure for one full year, with just a limited administrative review before OATH, where the Sheriff ultimately makes a unilateral decision, needing only to consider but not follow OATH's hearing officer's recommendation, and during the entire process, the business is never permitted to seek judicial intervention to prevent, stop, or reverse the Sheriff's closure of the business.

292.    Defendants acted under color of state and local law.

293.    By implementing, executing, and enforcing this procedure, empowered by the SMOKEOUT Act, and specifically under New York City Administrative Code sections 7-551 and

7-552, the Sheriff was permitted to seal the Plaintiffs' businesses, and hundreds of other businesses similarly situated with Plaintiffs, without any judicial process or review, thereby violating Plaintiff's right to Due Process. Therefore, Defendants have deprived and will continue to deprive each and every Plaintiff, and members of the Plaintiff class, of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, and of rights guaranteed by the Fourteenth Amendment to the United States Constitution.

294.    Defendants' actions were deliberate, reckless and indifferent to Plaintiffs' legal rights.

295.    As a direct and proximate result of the misconduct and constitutional violations detailed above, Plaintiffs and the class members have suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the class members request that the Court grant the following relief:

(i)    An order certifying this action as a class action;

(ii)    A judgment declaring that the sealing of Plaintiffs' businesses violated the Due Process Clause of the United States Constitution;

(iii)    An injunction prohibiting Defendants from executing and enforcing provisions of the SMOKEOUT Act that all the Sheriff and other agencies to immediately seal a business without first seeking judicial review;

(iv)    Compensatory damages in an amount to be determined at trial, including without limitation all lost revenue while Plaintiff's business have been closed and other damages proximately caused by the closure of Plaintiffs' and the class members' businesses;

(v)     Punitive damages in an amount to be determined at trial;

(vi)    An order awarding disbursements, costs, and attorneys' fees; and

(vii)   Such other and further relief as this Court may deem just and proper.


Dated: Brooklyn, New York
       June 12, 2024

                                        Yours, etc.

                                        LANCE LAZZARO

                                        Attorney for Plaintiffs
                                        Lazzaro Law Firm, P.C.
                                        360 Court Street, Suite 3
                                        Brooklyn, New York 11231
                                        (718) 488 – 1900 / (646) 533 – 8401
                                        lazzarolaw@aol.com


TO:     NEW YORK CITY LAW DEPARTMENT
        100 CHURCH STREET
        NEW YORK, NEW YORK   10007


        CLERK
        UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF NEW YORK
        500 PEARL STREET
        NEW YORK, NEW YORK  10007