

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**AIMEE K. LULICH**
*Senior Counsel*
alulich@law.nyc.gov

July 11, 2024

**BY ECF**
Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   <u>Moon Rocket, Inc. v. City of New York et. al.</u>,
             24-CV-4519 (JPO)

Your Honor:

      I am an attorney in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for defendants in the above-entitled action. I write regarding an email received last night by my co-counsel, Rachel Moston,[1] in which plaintiffs' counsel states "[i]n anticipation of our hearing on July 11 for the preliminary injunction on the above-referenced case, I have three potential witnesses." The email identified three people whom plaintiffs' counsel purports are the owners of three of the plaintiff businesses. Thereafter, a second email from plaintiffs' counsel was received stating "[o]ne additional witness" and naming another individual purported to be the manager of a fourth plaintiff business. The emails were sent at 7:04 p.m. and 7:33 p.m., respectively. Defendants oppose the introduction of testimony from these witnesses as set forth below.

      As a preliminary matter, I apologize for filing this letter so close in time to the scheduled arguments on the motion for a preliminary injunction. As the defendants just learned of plaintiffs' purported witnesses last night, we were unable to contact the Court sooner.

      As the Court is aware, plaintiffs filed their motion for a temporary restraining order and preliminary injunction on or about June 19, 2024. The motion papers, which include an attorney affirmation, a memorandum of law, and three exhibits, do not include declarations by

---

[1] Although Scali Riggs and I are also attorneys of record for the defendants and appear on the docket in this matter, only Ms. Moston received any communication regarding potential witnesses.

any of the four "potential witnesses" listed in the July 10th email by plaintiffs' counsel. Indeed, the motion papers do not even mention the individuals.[2]

Subsequently, on June 26, 2024, the Court held a scheduling conference with the parties and scheduled oral arguments on the motion for July 11, 2024. Defendants were directed to file their response to the motion by July 8, 2024. Plaintiffs' counsel declined the opportunity to file a reply. Defendants timely filed their opposition to the motion for a preliminary injunction on July 8th.

Testimony from individuals on plaintiffs' motion for a preliminary injunction that was not appended to plaintiffs' motion papers is inappropriate and patently unfair. See Livery Round Table, Inc. v. N.Y. City Taxi and Limousine Comm'n, 18-CV-2349 (JGK), 2018 U.S. Dist. LEXIS 62576, *2-3 (S.D.N.Y. Apr. 12, 2018).[3] Defendants have no information regarding what these newly-identified individuals might say in testimony and therefore no opportunity to rebut any such testimony. Had plaintiffs included declarations from these witnesses with the motion, defendants might have addressed such testimony in the opposition and would almost certainly have identified rebuttal evidence and witnesses. As it currently stands, defendants lack the time and basic information necessary to do so by 9:30 a.m. today.

Further, it is plaintiffs' burden to establish in their papers that they are entitled to the extraordinary remedy of a preliminary injunction. Plaintiffs had the opportunity to set forth all arguments and evidence in their moving papers. They chose not to append declarations of these four individuals (or any individual, other than their attorney). Additionally, plaintiffs declined the opportunity to file a reply brief during the scheduling conference on June 26, 2024. Plaintiffs' failure to include this testimony at a proper time does not entitle them to offer eleventh hour testimony in an attempt to introduce new arguments and facts after all briefing has concluded.

---

[2] The Complaint is equally silent as to the individuals newly identified as potential witnesses and devoid of any declarations from owners or managers.

[3] In Livery Round Table, the Court denied the moving party's request, filed with the Court five calendar days prior to the hearing date, to call witnesses who had not submitted declarations filed with the moving papers. The Court opined:

> Any evidence should be limited to witnesses who have already submitted declarations to the Court in support of or in opposition to the application for a preliminary injunction. It would be unfair for either party to rely on new witnesses whom the other side has not had an opportunity to rebut in the papers already submitted. Moreover, plaintiffs first submitted their request for testimony… two business days prior to the date for the hearing. That is insufficient notice for the defendants to gather responsive testimony to witness testimony that the plaintiffs have not even detailed at this point.

Id. at *2-3.

In any event, any testimony of the alleged owners and manager of four of the plaintiff businesses is irrelevant to the question of likelihood of success on the merits. Plaintiffs allege that their due process rights were violated, thus, the issue here is whether the plaintiff businesses were deprived of a property right and whether they were afforded sufficient post-deprivation process. None of the four individuals identified in the July 10th emails appeared at the OATH hearings regarding the Sealing Order issued to any plaintiff. It does not even appear that the individuals were present during the inspections that led to the Sealing Order.[4] Therefore, to the extent these individuals would testify to alleged facts or defenses not presented at the OATH hearing, such testimony would have no bearing on a due process analysis. Indeed, there is little factual dispute regarding the notice and process afforded to plaintiffs (and all premises subject to a Sealing Order). The question is whether the notice and process are sufficient to satisfy the constitutional guarantee of due process, a purely legal question that does not require witness testimony. Thus, the newly-identified witnesses are immaterial to a determination of likelihood of success on the merits.

With regard to the rest of preliminary injunction standard, plaintiffs' moving papers contain their allegations of "loss of market share," and whether that establishes irreparable harm is a legal question. And again, to the extent plaintiffs wish to bolster their conclusory claims of alleged injury by introducing new evidence at the hearing, any such new evidence should be precluded because defendants have had no notice of that evidence and no opportunity to identify potential rebuttal evidence or witnesses. Finally, plaintiffs' moving papers are silent as to the balancing of the equities and/or public interest. Having waived these arguments, they cannot now revive them after briefing has closed.

Accordingly, defendants respectfully request that this Court deny any request by plaintiffs to call witnesses because plaintiffs did not file declarations of any witness with the motion for preliminary injunction.

I thank the Court for its attention to this matter.

                                                      Respectfully submitted,

                                                      /S
                                                  Aimee K. Lulich

---

[4] The Affirmations of Service reflect that Summonses and Sealing Orders were delivered to other individuals, who identified themselves as employees, at the relevant businesses. To the extent the owners or manager were present for the inspections, they did not identify themselves as such to the sheriff's representative.