

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **AIMEE K. LULICH**<br>*Senior Counsel*<br>alulich@law.nyc.gov |

July 15, 2024

**BY ECF**
Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Moon Rocket, Inc. v. City of New York et. al.,
                 24-CV-4519 (JPO)

Your Honor:

      I am an attorney in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for defendants in the above-entitled action. I write regarding plaintiffs' request that they be permitted to submit four administrative determinations by New York City Office of Administrative Trials and Hearings ("OATH") Hearing Officers in support of their motion for a preliminary injunction. See Plaintiffs' Letter dated July 12, 2024, ECF Doc. No. 25. Defendants oppose the late submission of additional documentation after the completion of briefing and close of the hearing because such submission is untimely and immaterial.

      As the Court is aware, plaintiffs filed their motion for a preliminary injunction on or about June 19, 2024. Subsequently, on June 26, 2024, the Court held a scheduling conference with the parties and scheduled oral arguments on the motion for July 11, 2024. Defendants were directed to file their response to the motion by July 8, 2024. Plaintiffs' counsel declined the opportunity to file a reply.

      Defendants timely filed their opposition to the motion for a preliminary injunction on July 8th. The hearing on the motion for a preliminary injunction was held on July 11, 2024. In addition to oral arguments, plaintiffs called two witnesses who were identified as owners of two of the plaintiff businesses. Among a variety of other complaints raised at the hearing, plaintiffs' counsel stated that some OATH Hearing Officers had issued determinations holding that the portion of the Cannabis Law that directs a business should be sealed where the unlicensed activity is more than *de minimis* does not apply under Admin. Code §§ 7-551 and 7-

552.  See Cannabis Law §§ 138-b(6) and (7).  It is apparently these OATH decisions that plaintiffs now submit to the Court for consideration.

First, defendants oppose plaintiffs' request that the Court permit the late submission of the four OATH decisions as untimely.  Plaintiffs had the opportunity to submit these decisions with their motion papers, and did not do so.  Further, plaintiffs declined the opportunity to file reply papers, which would have presented another opportunity to submit additional documentation in support of their claims.  Finally, plaintiffs did not submit these documents at the hearing itself, despite engaging in lengthy oral arguments and calling two witnesses.  At the end of the hearing on July 11, 2024, the Court closed the hearing and stated that a decision would be forthcoming.  Because plaintiffs have had ample opportunity to put all relevant evidence before the Court, defendants oppose this late submission of additional documents.

In any event, the four OATH decisions are immaterial to this action.  Most notably, the OATH decisions were not issued to any of the named plaintiffs in this matter.  Rather, they were issued to apparently unrelated businesses who are not parties.  Further, none of the OATH determinations issued to the plaintiffs in this action include a finding that the *de minimis* requirement set forth in the Cannabis Law does not apply to them.  Indeed, none of the plaintiffs in this action even raised a *de minimis* argument in the OATH hearing.  Accordingly, to the extent that plaintiffs attempt to challenge the application of Cannabis Law § 138-b(6) here, they lack standing to do so.[1]  See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Uzuegbunam v. Preczewski, 141 S. Ct. 792, 797 (2021).

Further, plaintiffs herein bring a facial challenge to Admin. Code §§ 7-551 and 7-552.  The four OATH hearing officer decisions have no bearing on the facial validity of the Admin. Code provisions.  Indeed, plaintiffs appear to concede that some Hearing Officers have reached a different interpretation of the Cannabis Law and have applied the *de minimis* standard to the facts before them.  The fact that some Hearing Officers have reached determinations with which plaintiffs disagree fails to demonstrate that the challenged law is unconstitutional in all applications. United States v. Salerno, 481 U.S. 739, 745 (1987). The businesses who were issued the four untimely-submitted OATH decisions are free to challenge them in a proceeding pursuant to CPLR Article 78, but these decisions are irrelevant to the instant action or the instant motion for a preliminary injunction.

Finally, plaintiffs' contention that different OATH Hearing Officers have applied Cannabis Law § 138-b(6) and Admin. Code 7-551 and 7-552 differently demonstrates that there are adequate due process protections in place.  First, the lack of uniformity in applying these new laws demonstrates that OATH is an independent administrative Tribunal and that judicial hearing officers independently reach a determination on specific matters.  Plaintiffs' counsel's repeated speculation that Hearing Officers are being told what to find by some entity outside of OATH is undermined by the varying interpretations of this law.  Additionally, where Hearing Officers

---

[1] While the Complaint indicates that plaintiffs hope to seek class certification, they have not done so to date.

reach different interpretations of the relevant law, Article 78 provides the vehicle to resolve disagreements in statutory interpretation.

      Accordingly, defendants respectfully request that this Court deny any request by plaintiffs to submit additional documents after the motion for a preliminary injunction was fully briefed and the hearing was closed.

      I thank the Court for its attention to this matter.

      Respectfully submitted,

      /S
      Aimee K. Lulich