UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――――
MOON ROCKET INC., *et al.*,
                              Plaintiffs,

           -v-                                          24-CV-4519 (JPO)

CITY OF NEW YORK, *et al.*,                             OPINION AND ORDER
                              Defendants.
―――――――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

In March 2021, the New York State Legislature enacted the Marihuana Regulation and Taxation Act ("MRTA" or "Cannabis Law"), which legalized adult-use cannabis and created the New York State Office of Cannabis Management ("OCM") to regulate the cannabis industry. On April 20, 2024, the New York State Legislature amended the Cannabis Law and added Chapter 5-A to Title 7 of New York City's Administrative Code ("N.Y.C. Admin. Code"), providing additional enforcement powers to localities and OCM against illicit sales and marketing of cannabis. The amendments, which are contained in N.Y.C. Admin. Code §§ 7-551 and 7-552, authorize the Office of the City Sheriff to inspect, issue summonses to, and seal the premises of businesses selling cannabis without a license.

Plaintiffs are twenty-seven businesses that were subject to sealing orders issued by the Sheriff as a result of the Sheriff's determination that they were selling cannabis without a license and under circumstances that pose a threat to public welfare. Plaintiffs bring this action under 42 U.S.C. § 1983 against Defendants the City of New York, Commissioner of the New York City Department of Finance Preston Niblack, New York City Sheriff Anthony Miranda, and Commissioner of the New York City Office of Administrative Trials and Hearings Asim Rehman, for violations of the Due Process Clause of the Fourteenth Amendment. Presently

1

before the Court is Plaintiffs' motion for a preliminary injunction to prevent the City from enforcing N.Y.C. Admin. Code §§ 7-551 and 7-552 and to allow Plaintiffs' businesses to reopen. A hearing on Plaintiffs' motion was held on July 11, 2024. For the reasons that follow, Plaintiffs' motion is denied.

I.     **Background on Enforcement Scheme under N.Y.C. Admin. Code §§ 7-551 and 7-552**

N.Y.C. Admin. Code § 7-551(a) authorizes civil penalties for violations of the Cannabis Law, including for the unlicensed sale of cannabis. N.Y.C. Admin. Code § 7-551(b) authorizes the Sheriff to issue and execute an order to seal a premises where any business is engaged in conduct prohibited by § 7-551 and which poses an imminent threat to public health, safety, and welfare. Pursuant to Cannabis Law § 138-b(4), the "[f]actors that determine an imminent threat to public health, safety, and welfare shall be limited to: (a) documented sales to minors; (b) unlicensed processing of cannabis products at the building or premises; (c) orders issued following an inspection wherein the person engaged in the unlicensed activity engaged in violent, tumultuous, or other behaviors indicating expressed intent to not comply with the office's order to cease the unlicensed activity; (d) documented presence of unlawful firearms at the building or premises; (e) proximity of the building or premises to schools, houses or worship, or public youth facilities; (f) presence of products deemed unsafe based on reports of illness or hospitalization; or (g) sales of, or offers to sell, cannabis products not tested or labeled lawfully in accordance with this chapter." The second factor, the unlicensed processing of cannabis, is defined as "blending, extracting, infusing, packaging, labeling, branding and otherwise making or preparing cannabis products." Cannabis Law § 69(2). In addition, a sealing order may be issued only if the unlicensed activity is "more than a *de minimus* part of the business activity on the premises or in the building to be sealed." Cannabis Law § 138-b(6).

Cannabis Law § 138-b(2) requires that a sealing order be served by delivering the order to the person in apparent control of the business at the time of the inspection, posting the order on the business, and mail.  Moreover, summonses must be served in accordance with New York City Charter § 45-A and OATH rules.  N.Y.C. Admin. Code § 7-551(c).  Pursuant to N.Y.C. Admin. Code § 7-551(c) and 7-552(b)(2), summonses and sealing orders may be adjudicated in a proceeding before OATH within five business days of issuance.

48 RCNY § 6-11 lays out the OATH hearing procedures. Pursuant to 48 RCNY § 6-11(d), "[e]ach party has the right to present evidence, to examine and cross-examine witnesses, to make factual or legal arguments and to have other rights essential for due process and a fair and impartial hearing."  48 RCNY § 6-12 lays out OATH evidentiary procedures.  As the petitioner in the OATH hearing, the Sheriff's Office "has the burden of proving the factual allegations contained in the summons by a preponderance of the evidence" and the "[r]espondent has the burden of proving an affirmative defense, if any, by a preponderance of the evidence."  48 RCNY § 6-12(a).  "Relevant and reliable evidence may be admitted without regard to technical or formal rules or laws of evidence applicable in the courts of the State of New York."  48 RCNY § 6-12(c).

N.Y.C. Admin. Code § 7-552(b)(2) provides that "[t]he Hearing Officer shall make a determination on the civil summons, which shall be deemed a final decision of such office, and shall also make a recommendation to the Office of the Sheriff with respect to whether such order to seal was properly issued in accordance with the provisions of this section."  Within four days of the Hearing Officer's recommendation, the Sheriff shall "make a determination with respect to continuation of such order to seal upon review of such recommendation."  *Id.*

If the Sheriff's final determination directs that the sealing order remain in place, Cannabis Law § 138-b(9) provides that the sealing order shall be vacated if a business submits sufficient evidence that the unlicensed activity has been abated. However, if a business does not submit evidence of abatement, the sealing order remains in place and expires after one year.

Finally, businesses may challenge the Sheriff's final determination by filing a CPLR Article 78 proceeding in New York State Supreme Court.

## II.   Legal Standard

A party seeking a preliminary injunction must show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *RiseandShine Corp. v. PepsiCo, Inc.*, 41 F.4th 112, 119 (2d Cir. 2022) (quoting *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018)).

## III.   Discussion

The Court assumes without deciding that Plaintiffs have established irreparable harm and considers below whether Plaintiffs have established a likelihood of success on the merits.

The Due Process Clause of the Fourteenth Amendment provides: "No state shall . . . deprive any person of . . . property, without due process of law." "In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a property interest is implicated, and, if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002)). Here, it is undisputed that Plaintiffs have a property interest in their ability to operate their businesses other than the unlicensed sale of cannabis. Plaintiffs are thus entitled to due process of law. "Once it is determined that due process applies, the question remains what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Plaintiffs challenge the adequacy of the City's post-seizure process described above. The "general rule" is that "absent an 'extraordinary situation' a party cannot invoke the power of the state to seize a person's property without a prior judicial determination that the seizure is justified." *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 562 n. 12 (1983) (internal citation omitted). However, "[d]ue process does not, in all cases, require a hearing before the state interferes with a protected interest, so long as 'some form of hearing is [provided] before an individual is finally deprived of [the] property interest.'" *Nnebe*, 644 F.3d at 158 (quoting *Brody v. Village of Port Chester*, 434 F.3d 121, 134 (2d Cir. 2005)). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Id.* (quoting *Brody*, 434 F.3d at 134).

To determine "whether the demands of the Due Process Clause are satisfied where the government seeks to maintain possession of property before a final judgment is rendered," the Court must consider the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Harrell v. City of New York*, 138 F. Supp. 3d 479, 493 (S.D.N.Y. 2015) (quoting *Krimstock v. Kelly*, 306 F.3d 40, 60 (2d Cir. 2002)). Under *Mathews*, the Court considers three factors: "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

The private interest affected here—Plaintiffs' ability to operate their businesses for purposes other than the unlicensed sale of cannabis—is significant. *Spinelli v. City of New York*, 579 F.3d 160, 171 (2d Cir. 2009) ("[T]he private interest . . . in operating a business and, stated

more broadly, pursuing a particular livelihood . . . is strong."). It is undisputed that at least some Plaintiffs sell products other than unlicensed cannabis and that the sealing orders prevent these Plaintiffs from operating their businesses entirely, depriving these Plaintiffs of their ability to continue selling other products. "The Supreme Court has 'repeatedly recognized the severity of depriving someone of his or her livelihood.'" *Id.* (quoting *FDIC v. Mallen*, 486 U.S. 230, 243 (1988)). Accordingly, the first *Mathews* factor weighs in favor of Plaintiffs.

As to the second *Mathews* factor, the Court finds that the risk of erroneous deprivation resulting from the current procedure is low. As discussed above, in order to issue a sealing order, the Sheriff must determine that the business is engaged in the unlicensed sale of cannabis *and* that the unlicensed activity poses an imminent threat to the public health, safety, and welfare, as specifically defined in the law. Then, within five days of issuance, the sealing order is adjudicated through an impartial OATH hearing where businesses have the right to be represented by counsel, present evidence, and cross-examine the officer that issued the sealing order. The OATH hearing officer promptly issues a recommendation, and within four business days, the Sheriff must make a final determination either adopting or rejecting the OATH hearing officer's recommendation. Here, five of the Plaintiffs were successful at OATH and the Sheriff adopted OATH's decisions to lift the sealing orders (ECF No. 12-2 at 1 n.1), and for another one of the Plaintiffs, the Sheriff rejected OATH's recommendation to sustain the sealing order and issued a final determination permitting the store to reopen. These results show that the OATH hearings provide a meaningful opportunity to be heard to challenge sealing orders issued in error.

From the time the Sheriff issues a sealing order to the time the Sheriff must make a final determination accepting or rejecting the OATH hearing officer's recommendation, the process lasts approximately nine days. At the end of this process, businesses may file Article 78

6

proceedings in State Supreme Court, through which they may seek temporary restraining orders and preliminary injunctions staying enforcement of the Sheriff's sealing orders and permitting the businesses to reopen immediately. Article 78 proceedings provide a procedural backstop to guard against erroneous final determinations by the Sheriff. *See Leary v. Civil Serv. Empls. Ass'n Region 3*, 516 F. App'x 42, 43 (2d Cir. 2013) (summary order). Several Plaintiffs have already filed Article 78 proceedings in State Supreme Court. (ECF No. 21 at 17-18 n.10.)

Plaintiffs challenge the adequacy of this process, arguing that it creates a serious risk of erroneous deprivation. As an initial matter, Plaintiffs do not dispute that they were in fact selling cannabis products without a license and in violation of New York law.* Plaintiffs contend, however, that OATH hearing officers have issued conflicting decisions which, according to Plaintiffs, "create a risk that different businesses will be treated differently or receive different results depending upon the hearing officer who presides over their hearing." (ECF No. 12-2 at 12.) But the same risk applies to any court or tribunal. Plaintiffs suggest that a nuisance abatement proceeding would offer better procedural safeguards because Plaintiffs would have a right to a hearing before a State Supreme Court judge. However, Plaintiffs offer no persuasive argument as to why CPLR Article 78 proceedings, which are before State Supreme Court justices, do not provide such adequate process. The Court finds that the second *Mathews* factor weighs in favor of Defendants.

---

* Indeed, the two witnesses who testified at the preliminary injunction hearing—owners of two Plaintiffs' businesses that had been closed by the Sheriff pursuant to sealing orders under § 7-551—both acknowledged that the sale of cannabis products represented a significant portion of their revenue (10 to 15 percent and 20 to 30 percent). (*See* Transcript of Oral Argument on July 11, 2024 ("Tr."), at 58, 67). Defendants objected to Plaintiffs' request to call witnesses during the oral argument that took place on July 11, 2024. (ECF No. 24.) As indicated during the hearing, however (Tr. at 5), the Court finds it appropriate to consider the witness testimony. Accordingly, Defendants motion at ECF No. 24 is denied.

Finally, as to the third *Mathews* factor, the City has a "manifestly important and urgent interest in closing unlicensed cannabis shops that pose immediate risk to the public." (ECF No. 21 at 13.) The New York State Legislature found that unlicensed establishments selling cannabis are a threat to public health, safety, and welfare, *see* Cannabis Law § 2, and the City has shown that these unlicensed establishments pose significant health risks to the public as a result of their unregulated processing and labeling, and pose an especially significant risk to minors as a result of their locations and marketing practices. (*See* ECF Nos. 22-1, 22-8.)

Plaintiffs liken this case to *Harrell v. City of New York*, 138 F. Supp. 3d 479 (S.D.N.Y. 2015), which concerned a challenge to a City law that authorized the warrantless seizure of automobiles that were suspected of being unlawfully operated for hire. *Harrell*, 138 F. Supp. 3d at 484. In that case, "[t]he purpose of the statute [was] to ensure that vehicle owners [paid] their fines." *Id.* at 490. The Court noted that "the express purpose for the City's seizures . . . [was] not to relieve wrong-doers of the instrumentalities of wrongdoing [since] the vehicles [were] returned as soon as an alleged wrongdoer post[ed] a bond or [paid] a penalty." *Id.* By contrast, N.Y.C. Admin. Code § 7-551(b) authorizes the Sheriff to issue a sealing order only when a business's unlicensed cannabis sales are coupled with one of the factors demonstrating imminent risk to the public health, safety, and welfare. Accordingly, the third *Mathews* factor weighs in favor of Defendants.

The Court finds that, given the low risk of erroneous deprivation and the substantial government interest in protecting public safety, the *Mathews* factors weigh in favor of Defendants. N.Y.C. Admin. Code §§ 7-551 and 7-552 provide adequate procedural protections to guarantee Plaintiffs' due process rights under the Fourteenth Amendment. Plaintiffs have not demonstrated a likelihood of success on the merits.

**IV.    Conclusion**

For the foregoing reasons, Plaintiffs' motion for a preliminary injunction is DENIED.

The Clerk of Court is directed to close the motions at ECF Nos. 12 and 24.

SO ORDERED.

Dated: July 18, 2024
       New York, New York

                                    _____
                                    J. PAUL OETKEN
                                    United States District Judge