Index No. 24-CV-4519 (JPO)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOON ROCKET INC., EXOTICS ON ROOSEVELT CORP., SMOKER'S WORLD 1 CORP., STZ CONVENIENCE SHOP INC., SMOKE BASE CONVENIENCE STORE INC., BIG APPLE CONVENIENCE 2 CORP., LUSH CONVENIENCE 161 INC., EMPIRE CITY SHOP INC., QUICK SMART CONVENIENCE CORP., MOTHER GASTON GOURMET DELI CORP., S & M SNACKS CORP., 555 DELI CORP., LOUD PACK NY CORP., 175 GRAND CONVENIENCE CORP., MAO SHOPPE CORP., 22 CONVENIENT SHOP CORP., 125 RED EYE INC., NOISE PACK CORP., VANWYCK MINI MARKET CORP., OMEGA CONVENIENCE INC., RUSH HOUR EXOTICS CORP., 1452 ALPHA INC., GENERAL ZAZA LLC, 64 ST. CONVENIENCE CORP., MOONSHOT EXOTIC CONVENIENT CORP., VEGAN MAGIC INC., and FIRST CHOICE CONVENIENCE CORP.,

                                                                       Plaintiffs,

-against-

CITY OF NEW YORK, PRESTON NIBLACK, COMMISSIONER NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY SHERIFF ANTHONY MIRANDA, AND ASIM REHMAN, COMMISSIONER NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS,

                                                                       Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

***MURIEL GOODE-TRUFANT***
*Acting Corporation Counsel of the City of New York*
    *Attorney for Defendants*
    *100 Church Street*
    *New York, N.Y.  10007*

    *Of Counsel: Rachel Moston, Aimee Lulich, Scali Riggs*
    *Tel:  (212) 356-2197*
    *Matter #:  2024-050437*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

ARGUMENT

    POINT I

        PLAINTIFFS' OPPOSITION SHOULD BE DISREGARDED. ...................................................................................... 1

    POINT II

        PLAINTIFF HAS ABANDONED ANY CLAIMS AGAINST COMMISSIONER REHMAN AND COMMISSIONER NIBLACK, AND ANY CHALLENGE TO ADMIN. CODE § 7-551. ................................................... 3

    POINT III

        THE ASSERTIONS IN THE OPP. AND THE EXHIBITS ANNEXED TO THE OPP. ARE IRRELEVANT TO THE INSTANT CLAIMS. ...................................................................... 3

    POINT IV

        PLAINTIFFS CANNOT MAINTAIN A DUE PROCESS CLAIM. ................................................................................................. 5

        A.    The Complaint Fails To Allege A Valid Property Interest ...................................................................................... 5

        B.    Plaintiffs Received All of the Process That is Due ............................ 6

CONCLUSION ....................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                        **Pages**

1361 Baggies Inc. v. City of New York, et al.,
   Index No. 815147/2024E (Sup. Ct. Bronx Cnty.) ...................................................................8

3512 Bell Corp. v. City of New York,
   Queens Cnty. Index No. 715613/2024........................................................................................8

In re Agape Litig.,
   773 F. Supp. 2d 298 (E.D.N.Y. 2011) .........................................................................................2

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)....................................................................................................................8

B.R-S.O.H. LLC v. City of Detroit,
   2019 U.S. Dist. LEXIS 89686 (E.D. Mich. Apr. 3, 2019)..........................................................6

DiFolco v. MSNBC Cable L.L.C.,
   622 F.3d 104 (2d Cir. 2010)........................................................................................................1

East 65 Street Realty Corp. v. Rinzler,
   2000 U.S. Dist. LEXIS 3537, No. 98 Civ. 6555 (RCC),
   2000 WL 303279 (S.D.N.Y. Mar. 22, 2000) ..............................................................................2

Ewing v. Mytinger & Casselberry Inc.,
   339 U.S. 594 (1950)..................................................................................................................10

Heijnen v. Villareal,
   2013 U.S. Dist. LEXIS 36794 (N.D. Texas Mar. 11, 2013).......................................................6

Hodel v. Va. Surface Mining & Reclamation Ass'n,
   452 U.S. 264 (1981)..................................................................................................................10

Leary v. Civil Serv. Emples Ass'n Region 3,
   516 F. App'x 42 (2d Cir. 2013) ..................................................................................................8

Leroy v. NYC Board of Elections,
   793 F.Supp. 2d 533 (E.D.N.Y. June 19, 2011) ..........................................................................6

Lush Convenience 161 Inc. v. City of New York, et al.,
   Index No. 810015/2024E (Sup. Ct. Bronx Cnty.) ......................................................................8

Mathews v. Eldridge,
   424 U.S. 319 (1976)....................................................................................................................9

**Cases**                                                                                                              **Pages**

McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.,
    2022 U.S. Dist. LEXIS 233796
    (S.D.N.Y. Dec. 30, 2022, No. 1:22-cv-1138-GHW) ...................................................................1

Moreira v. Sherwood Landscaping Inc.,
    2014 U.S. Dist. LEXIS 200678
    (E.D.N.Y. Mar. 31, 2014, No. CV 13-2640 (JS)(AKT)) ...............................................................2

Nestle Waters N. Am., Inc. v. City of N.Y.,
    2016 U.S. Dist. LEXIS 70694
    (S.D.N.Y. May 25, 2016)
    aff'd. 689 F. App'x 87 (2d Cir. 2017) ............................................................................................8

Ramos v. Guaba Deli Grocery Corp.,
    2021 U.S. Dist. LEXIS 227984
    (S.D.N.Y. Nov. 29, 2021, No. 20-CV-4904 (PAE) (JLC)) ...........................................................2

United States v. Salerno,
    481 U.S. 739 (1987)......................................................................................................................4

Wenzhou Wanli Food Co. v. Hop Chong Trading Co.,
    2000 U.S. Dist. LEXIS 9554, No. 98 Civ. 5045 (JFK),
    2000 WL 964944 (S.D.N.Y. July 11, 2000) .................................................................................2

Zen Zone Services, Inc. v. City of New York, et al.,
    Index No. 517473/2024 (Sup. Ct. Kings Cnty.) ............................................................................8

**Statutes**

48 R.C.N.Y § 6-17(c)................................................................................................................................9

Can. Law § 138-b(9)................................................................................................................................6

Fed. R. Civ. P. 12(b)(6).......................................................................................................................1, 8

Local Civil Rule 7.1............................................................................................................................1, 2

NYC Admin. Code § 7-551 ................................................................................................................3, 4

NYC Admin. Code § 7-552 .........................................................................................................3, 4, 5, 9

NYC Admin. Code § 7-552(b)(2)..............................................................................................................7

NYC Charter § 1526 ................................................................................................................................9

**Other Authorities**

Individual Rules and Practices in Civil Cases § 3(D)(2) ...............................................................2

Defendants City of New York, Preston Niblack, Commissioner New York City Department of Finance, New York City Sheriff Anthony Miranda, and Asim Rehman, Commissioner and Chief Administrative Law Judge New York City Office of Administrative Trials And Hearings, by their attorney Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, respectfully submit this memorandum of law in reply, in further support of their motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth in defendants' moving papers, plaintiffs have failed to state a cause of action. "Plaintiffs' Affirmation Opposing Defendants' Motion to Dismiss" ("Opp.") does not save the plaintiffs' failed Due Process claims.

## ARGUMENT

### POINT I

### PLAINTIFFS' OPPOSITION SHOULD BE DISREGARDED.

Plaintiffs' Affirmation in Opposition (ECF No. 38) ("Opp."), which appears to include new factual allegations as well as unsupported legal arguments, should be disregarded by this Court because it falls outside of the four corners of the Complaint, and is contrary to Local Civil Rule 7.1.

First, "[i]t is bedrock civil procedure that '[i]n considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint,' as well as documents that are 'integral to the complaint.'" McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc., 2022 U.S. Dist. LEXIS 233796 (S.D.N.Y. Dec. 30, 2022, No. 1:22-cv-1138-GHW)) quoting DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (internal citation and quotation marks omitted). Plaintiffs' Opp. falls into none of these

categories and plaintiffs cannot amend their Complaint through an attorney affirmation. See In re Agape Litig., 773 F. Supp. 2d 298, 316 (E.D.N.Y. 2011) ("It is well-settled that a plaintiff cannot amend the complaint through briefs and affidavits.").

Moreover, "[p]ursuant to Local Civil Rule 7.1, legal argument is to be set forth in a memorandum of law, while factual affirmations are to be set forth in affidavits." Moreira v. Sherwood Landscaping Inc., 2014 U.S. Dist. LEXIS 200678, at *18, n 6 (E.D.N.Y. Mar. 31, 2014, No. CV 13-2640 (JS)(AKT)); Loc. Civ. R. 7.1. Contrary to Rule 7.1, Plaintiffs' Opp. sets forth new and unsupported legal arguments in the form of an attorney affirmation. Opp., generally. This is not sufficient. See Wenzhou Wanli Food Co. v. Hop Chong Trading Co., 2000 U.S. Dist. LEXIS 9554, No. 98 Civ. 5045 (JFK), 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000) ("Submitting an affidavit rather than a memorandum of law is insufficient under Local Rule 7.1."); East 65 Street Realty Corp. v. Rinzler, 2000 U.S. Dist. LEXIS 3537, No. 98 Civ. 6555 (RCC), 2000 WL 303279, at *3 (S.D.N.Y. Mar. 22, 2000) (same). Where, as here, a party fails to comply with Local Rule 7.1, the Court has discretion to grant the motion on default. Ramos v. Guaba Deli Grocery Corp., 2021 U.S. Dist. LEXIS 227984, at *11, n 8 (S.D.N.Y. Nov. 29, 2021, No. 20-CV-4904 (PAE)).

Finally, to the extent plaintiffs wished to amend the Complaint, they failed to follow this Court's Individual Rules of Practice, which direct that plaintiffs file a letter indicating an intent to amend the Complaint within 10 days of filing of the motion to dismiss. See Individual Rules and Practices in Civil Cases § 3(D)(2); see also Notice of Motion to Dismiss (ECF No. 30). Plaintiffs filed no such letter, nor did plaintiffs file an Amended Complaint. Accordingly, this Court should disregard the Opp. in its entirety. Even if this Court accepts the Opp., the Complaint

2

must still be dismissed because plaintiffs have not plausibly alleged a due process violation as set forth in defendants' moving papers.

### POINT II

**PLAINTIFF HAS ABANDONED ANY CLAIMS AGAINST COMMISSIONER REHMAN AND COMMISSIONER NIBLACK, AND ANY CHALLENGE TO ADMIN. CODE § 7-551.**

Based upon the Opp., plaintiffs appear to have abandoned any claims against Commissioners Niblack and Rehman and do not seek any relief with regard to Admin. Code § 7-551. The Opp. additionally appears to narrow plaintiffs' claims and arguments significantly. First, the Opp. is silent as to any claims against defendants Preston Niblack and Asim Rehman. Indeed, plaintiffs appear to *approve* of OATH's actions and the OATH hearing officers' decisions, contradicting any allegations regarding the insufficiency of OATH proceedings in the Complaint and the inclusion of Commissioner Rehman as a defendant. Opp. ¶¶ 8-11 and Exhibit 2. Because of this, the Court should deem any claims against Commissioners Niblack and Rehman as abandoned and dismiss them as defendants. Further, while plaintiffs purport to challenge Admin. Code §§ 7-551 and 7-552, Opp. ¶ 2, the sole argument in the Opp., regarding the Sheriff's authority to issue final determinations on the sealing orders, applies only to Admin. Code § 7-552, and any challenge to § 7-551 has been abandoned.

### POINT III

**THE ASSERTIONS IN THE OPP. AND THE EXHIBITS ANNEXED TO THE OPP. ARE IRRELEVANT TO THE INSTANT CLAIMS.**

Even if the Court were to consider the improper Opp., it fails to raise any relevant facts or law. In the Opp., Plaintiffs argue almost exclusively that Admin. Code §§ 7-551 and 7-

3

552 are facially[1] unconstitutional because they lodge the authority for making the final determination regarding a sealing order with the Sheriff following a hearing at OATH. Plaintiffs annex documents related to businesses *other than plaintiffs* and two Short Form Orders in Article 78 Proceedings by the Hon. Kevin Kerrigan in Queens County Supreme Court (also regarding businesses that are not plaintiffs herein). See Pl.'s Exhibits 1 through 3. Plaintiffs' counsel asserts that these documents support a facial challenge because they demonstrate that the Sheriff's Office did not accept some of the recommendations of OATH hearing officers when issuing some final determinations on sealing orders for some businesses that are not plaintiffs herein. Opp. ¶¶ 6-10 and Exhibits 1 through 3.

   However, these documents, like the allegations in the Complaint, fail to establish a cognizable facial challenge to the relevant provisions of the Admin. Code. As described in defendants' moving papers, Plaintiffs cannot demonstrate that there are no set of circumstances under which the law would be valid, and such failure is fatal to a facial challenge. See, e.g., United States v. Salerno, 481 U.S. 739, 745 (1987); see also Def. Mem. at p. 13. The Sheriff does not make the final determination regarding summonses issued pursuant to § 7-551. Further, allegations, even if properly asserted, that the Sheriff has not accepted all OATH hearing officers' recommendations that a sealing order be lifted, falls far short of demonstrating that Admin. Code § 7-552 is unconstitutional under all circumstances. Indeed, the allegations in the Complaint demonstrate the opposite. The Sheriff vacated the sealing order issued to 125 Red Eye, Inc. notwithstanding the OATH hearing officer's recommendation that it remain in place, and accepted

---

[1] Defendants infer a facial challenge because Plaintiffs' counsel asserts, inter alia, "the statutory construction of the New York City Administrative Code sections 7-551 and 7-552, giving the Sheriff the ability to issue a final decision on closing a business while only having to consider the recommendation of an OATH hearing officer… has led to the Sheriff's… clear violation of due process" Opp. ¶ 7, argues that the Sheriff should not have the authority to reach a different decision than the OATH hearing officer, Opp. ¶¶ 8- 10 & 13, and states that Admin. Code §§ 7-551 and 7-552 should not "allow the Sheriff to unilaterally close business (*sic*)," Opp. ¶ 19,

4

the recommendations of OATH hearing officers to lift the sealing orders for plaintiffs Mother Gaston Gourmet Deli, 22 Convenient Shop Corp., Rush Hour Exotics, and Vegan Magic. Compl., ¶¶ 134, 182, 189-90, 222, 262. Accordingly, it is clear Admin. Code § 7-552 is not unconstitutional in all circumstances and has, in fact, protected the Due Process rights of plaintiffs.

To the extent plaintiffs attempt to assert as applied challenges, the newly-annexed documents are not related to any of the named plaintiffs and do not support such claims. Plaintiffs do allege that the Sheriff's final determinations for plaintiffs Moon Rocket and Exotics on Roosevelt upheld the sealing orders even though OATH hearing officers recommended they be lifted. Complaint at ¶¶ 62 and 70; Opp. ¶ 11-12. However, even if petitioners Moon Rocket and Exotics on Roosevelt plead an as-applied due process challenge,[2] said challenge still fails for the reasons set forth in defendants' moving papers and herein.

## POINT IV

### PLAINTIFFS CANNOT MAINTAIN A DUE PROCESS CLAIM.

As described in Defendants' moving papers, the Complaint fails to state a cause of action. Plaintiffs' Opp. does not contain any facts or law that would help to establish a violation of their Due Process rights.

**A.    The Complaint Fails To Allege A Valid Property Interest**

First, plaintiffs fail to allege valid property interests. In an apparent attempt to rectify this deficiency, plaintiffs now submit an *affirmation from counsel* that states "each Plaintiff business was selling lawful items[.]" Opp. ¶ 4. This single, conclusory, allegation does nothing to bolster Plaintiffs' claims, even if it had been made in a permissible manner, such as an Amended

---

[2] It does not appear that plaintiffs have asserted an as-applied challenge and even the Opp. uses the factual allegations regarding Moon Rocket and Exotics on Roosevelt to argue "the post-deprivation remedy available to businesses highlighted in Exhibit 2… does not protect a business's due process rights…" Opp. ¶ 3.

5

Complaint. Plaintiffs offer no details regarding any of the businesses' allegedly legal business activities, and plaintiffs have no property interest in the continued operation of an illegal enterprise. See B.R-S.O.H. LLC v. City of Detroit, 2019 U.S. Dist. LEXIS 89686, at * 15-16 (E.D. Mich. Apr. 3, 2019) ("What Plaintiffs fail to appreciate, however, is that they had no due process right to operate medical marijuana dispensaries in violation of state law."); Heijnen v. Villareal, 2013 U.S. Dist. LEXIS 36794, at *10 (N.D. Texas Mar. 11, 2013) ("Clearly, [plaintiff] has no protected liberty or property interest in operating an illegal business, therefore his allegations are insufficient to support a due process claim."). Further, plaintiffs allege that they are "legitimate corporations" because they are registered corporations under New York State law. Opp. ¶ 4. However, whether or not plaintiffs are registered as corporate entities, they have utterly failed to allege that they are corporate entities conducting any business other than the sale of cannabis without a license, and, thus, this allegation is irrelevant. Plaintiffs have no property interest in selling cannabis products without a license, and without factual allegations to identify a viable property interest, any due process claim necessarily fails. See Leroy v. NYC Board of Elections, 793 F.Supp. 2d 533 (E.D.N.Y. June 19, 2011). Importantly, at any point in time plaintiffs can apply to DOF to reopen their businesses lawfully under Can. Law § 138-b(9).[3] Tellingly, no plaintiff alleges that it attempted to reopen using this process.

### B.     Plaintiffs Received All of the Process That is Due

As described in the moving papers, the process set forth in the challenged law, the OATH administrative process and with Article 78 review satisfies due process.[4] In the Opp., Plaintiffs argue that the available post-deprivation remedies are inadequate because the Sheriff is

---

[3] See https://home.nyc.gov/assets/finance/downloads/pdf/24pdf/affidavit-in-support-of-respondent.pdf
[4] Plaintiffs abandon any argument that pre-deprivation proceedings are required. Now, it appears that plaintiffs argue only that the proceedings are inadequate because they vest authority regarding a final decision on the sealing order in the Sheriff, which fails for the reasons stated above and in the moving papers.

vested with the authority to issue a final determination, either adopting or rejecting a recommendation from an OATH hearing officer.  Plaintiffs appear to allege that the Sheriff has exercised his authority under Admin Code § 7-552(b)(2) in an arbitrary or abusive manner because, in some instances, the Sheriff does not adopt OATH's recommendation. Opp. ¶¶ 8-11. The thrust of Plaintiffs' claim appears to be that some final determinations are not in their favor.  But, again, this allegation fails to allege a cognizable claim that the challenged provisions are facially unconstitutional.  Nor do plaintiffs provide any factual details to support the allegation that the Sheriff's decisions regarding plaintiffs Moon Rocket and Exotics on Roosevelt violated their due process rights, or, more significantly, that Article 78 review is not adequately protective.  On the contrary, based upon the two decisions on Article 78 proceedings annexed to the Opp. as Exhibits 1 and 3, it appears that Article 78 proceedings are effective in reviewing these final determinations in a reasonable time period.  Similarly, as described above, the Sheriff's Office lifted sealing orders for five plaintiffs, even in cases in which the OATH hearing officer recommended it remain in place. Compl., ¶¶ 134, 182, 189-90, 222, 262.  These allegations are not enough to establish bias or abuse of discretion.

Plaintiffs attempt to undermine the legal precedent that establishes Article 78 proceedings provide adequate due process protections by including plaintiffs' counsel's alleged anecdotal experience with Article 78 proceedings. Opp. ¶¶ 15-16.  Importantly, an affirmation setting forth counsel's anecdotal experiences in cases not involving any named plaintiff does not constitute a "well-pleaded fact" for purposes of 12(b)(6).  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (pleadings that are no more than conclusions are not entitled to the presumption of truth). In any event, it is clear that Article 78 proceedings "adequately serve as a backstop against erroneous determinations." Nestle Waters N. Am., Inc. v. City of N.Y., 2016 U.S. Dist. LEXIS

7

70694, at *21 (S.D.N.Y. May 25, 2016) aff'd. 689 F. App'x 87, 88 (2d Cir. 2017); see also Leary v. Civil Serv. Emples Ass'n Region 3, 516 F. App'x 42 (2d Cir. 2013).

Plaintiffs' counsel's complaints that Article 78 proceedings do not result in the immediate opening of his clients' stores ignores the fact that denials of plaintiffs' motions for temporary restraining orders and preliminary injunctions are the result of a judge's review of the arguments and determination that such relief is not warranted. Similarly, an appellee can request that a stay be vacated at the Appellate Division, and any denial of such motion reflects a determination by a Justice of the Appellate Division that the appellee has not demonstrated that such relief is warranted. Further, for many of the plaintiffs, delays have stemmed from plaintiffs' filings being rejected for failure to provide proper notice or to properly serve.[5] These delays are self-inflicted. Plaintiffs' claims are further belied by two decisions cited in Plaintiffs' Opp. The first decision in 3512 Bell Corp. v. City of New York, Queens Cnty. Index No. 715613/2024 (Pls.' Ex. 1) was issued on August 14, 2024, only two weeks from the date the case was commenced (July 30, 2024). The second decision in 90th Stop Grill Corp. v. City of New York, Queens Cnty. Index No. 716581/2024 (Pls.' Ex. 3), was issued on September 9, 2024, exactly one month from commencement of the case on August 9, 2024. While defendants contend that those cases are wrongly decided and sought (and successfully obtained) immediate stays of the injunction, the fact is plaintiffs did obtain decisions in their favor in those Article 78 proceedings. Even if due process required a quicker proceeding in state court, which it does not, plaintiffs appear to assert that,

---

[5] See, e.g., Zen Zone Services, Inc. v. City of New York, et al., Index No. 517473/2024 (Sup. Ct. Kings Cnty.) (order to show cause with TRO request filed June 26, 2024, twice returned for correction, not corrected until August 14, 2024); Lush Convenience 161 Inc. v. City of New York, et al., Index No. 810015/2024E (Sup. Ct. Bronx Cnty.) (order to show cause with TRO request filed June 20, 2024, court twice declined to sign for failure to comply with CPRL, not properly filed until July 11, 2024); 1361 Baggies Inc. v. City of New York, et al., Index No. 815147/2024E (Sup. Ct. Bronx Cnty.) (order to show cause with TRO request filed September 23, 2024, court declined to sign for failure to provide required notice, re-filed September 30, 2024).

because not every request for emergency relief has been decided in their favor, Article 78 proceedings are not adequate review mechanisms. This is simply not the standard, and does not distinguish the instant challenge from the multitude of other cases in which Article 78 proceedings have been deemed sufficient review for due process purposes.

Finally, plaintiffs' attempt to distinguish Admin. Code § 7-552 from other regulatory schemes in which OATH holds a hearing and issues a recommendation, but where the final determination is made by the commissioner of the City agency vested with the authority to enforce the relevant law, fail. The Sheriff's Office is part of the New York City Department of Finance ("DOF"), an administrative agency of the City of New York. See New York City Charter ("Charter") Chapter 58, generally, and Charter § 1526.[6] There is no meaningful distinction between the Sheriff's role here and the role of the Commissioners of, for example, the Business Integrity Commission or the New York City Department of Health and Mental Hygiene, where the agency both issues the violation and makes the final determination after a hearing at OATH and recommendation by the OATH hearing officer. See 48 R.C.N.Y § 6-17(c).

Accordingly, plaintiffs fail to state a claim of violations of their due process rights because all factors set forth in Mathews v. Eldridge, 424 U.S. 319, 334 (1976) weigh in favor of defendants and the challenged law. Plaintiffs failed to allege that they have a property interest in unlawful business activity. Id. at 335. Additionally, plaintiffs failed to demonstrate that there is a risk of erroneous deprivation, particularly where it is clear that there have been decisions at OATH, determinations of the Sheriff, and judicial decisions in Article 78 proceedings that have permitted businesses, including some plaintiffs, to reopen. Id. There is no basis upon which the court could find that the challenged regulations are unconstitutional under all applications. Finally, the

---

[6] The New York City Police Department ("NYPD"), contrary to plaintiffs' incorrect statements, is also an administrative agency of the City of New York, see Charter Chapter 18.

9

government's interest is strong. Id. Indeed, plaintiffs "concede that the government has a legitimate interest in regulating the sale of cannabis," Opp. ¶ 5, and, as detailed in defendants' moving papers, summary administrative action to protect the health and safety of the public is "[one] of the oldest examples" of permissible summary action. See Hodel v. Va. Surface Mining & Reclamation Ass'n, 452 U.S. 264, 300 (1981) (quoting Ewing v. Mytinger & Casselberry Inc., 339 U.S. 594, 599 (1950)).

## CONCLUSION

For the foregoing reasons, defendants City, Commissioner Niblack, Sheriff Miranda, and Commissioner and Chief Administrative Law Judge Rehman respectfully request that this Court grant defendants' motion and dismiss the Complaint in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 15, 2024

MURIEL GOODE-TRUFANT
Acting Corporation Counsel
of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2369

By:  \_\_\_/S_____
Aimee K. Lulich
Rachel Moston
Scali Riggs
Assistant Corporation Counsels

cc: Lance Lazzaro (via ECF)
*Counsel for Plaintiffs*