UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOON ROCKET INC., *et al.*,
                Plaintiffs,

-v-

CITY OF NEW YORK, *et al.*,
                Defendants.

24-CV-4519 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On March 21, 2025, this Court granted Defendants' motion to dismiss for failure to state a claim. *Moon Rocket Inc.*, v. *City of New York*, 2025 WL 887583 (S.D.N.Y. Mar. 21, 2025). In that Opinion and Order, the Court determined that N.Y.C. Admin Code §§ 7-551 and 7-552, coupled with the availability of Article 78 review, provided adequate procedural protections to safeguard Plaintiffs' due process rights under the Fourteenth Amendment.[1] *Id*. at *6. Plaintiffs have filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 45 ("Mtn.").) For the reasons that follow, Plaintiffs' motion is denied.

I.     Discussion

    A.     **Motion for Relief from Judgment**

Plaintiffs' motion for relief from judgment relies on Federal Rule of Civil Procedure 60(b)(2), which grants a district court discretion to relieve a party from a final judgment if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in

---

[1] The Court assumes familiarity with the factual background in this case as set forth in its previous opinion. *Moon Rocket Inc.*, 2025 WL 887583 at *1-3.

time to move for a new trial." Fed. R. Civ. P. 60(b).  To succeed on such a motion, a movant must show that:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (quotation marks omitted).

Much of the evidence in Plaintiffs' motion for relief from judgment merely repeats the information contained in Plaintiffs' opposition to Defendants' motion to dismiss, which took the form of an affirmation by Plaintiffs' attorney.  (ECF No. 38.)  In that affirmation, Plaintiffs' attorney stated that during the "lengthy appeal . . . business[es remain] closed for months."  (*Id.* ¶ 16.)  Plaintiffs stated that four corporations—3512 Bell Corp., 215-09 Mini Mart Corp., 90th Stop Grill Corp., and Sutphine Convenience Corp.—remained closed awaiting decisions from the New York Supreme Court Appellate Division in violation of Plaintiffs' right to procedural due process.  (*Id.* ¶ 16 n. 2.)

In their motion for relief from judgment, Plaintiffs provide the same evidence once again. Plaintiffs repeat that those corporations remain closed pending appeal or other delays related to the Article 78 process.  (Mtn. at 5-7.)  And, once again, Plaintiffs argue that these continued closures from delays demonstrate that Article 78 actions against Defendants are inadequate to protect Plaintiffs' due process rights.  (*Id*. at 10.)

Although some evidence that Plaintiffs present in their motion is arguably "newly discovered," as required in a Rule 60(b)(2) motion, Plaintiffs give no indication that they were justifiably ignorant of any newly discovered evidence despite their due diligence.  Plaintiffs' motion states that they became aware of the evidence prior to the issuance of this Court's March

21, 2025 Opinion and Order, but that they were "procedurally bared [sic] from filing an Amended Complaint to add this new evidence." (Mtn. at 15.) This argument is belied by the procedural history of this case, as Plaintiffs did not seek leave from this Court to amend the complaint. Therefore, Plaintiffs were not ignorant of the newly discovered evidence and, through normal proceedings, Plaintiffs could have alerted this Court to the newly discovered evidence before the Court issued its Opinion and Order.

Accordingly, as Plaintiffs were not justifiably ignorant of any newly discovered evidence, their Rule 60(b) motion fails.

### B.    Motion for Reconsideration

A motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "may be granted only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (internal quotation marks omitted). Rule 59(e) is treated as an "extraordinary remed[y]" that is to be employed sparingly. *Id*.

Though Plaintiffs state that they bring the motion for reconsideration pursuant to Rule 59(e), they do not analyze the Rule 59(e) factors. Plaintiffs have not introduced any argument to demonstrate that there has been an "intervening change of controlling law." *Id*. at 475. Nor have Plaintiffs argued that Rule 59(e) is appropriate to correct a clear error or prevent manifest injustice. *Id*. Moreover, for the reasons discussed above, Plaintiffs have not demonstrated that there is new evidence that this Court must now consider. *Id*.; *see also Becnel v. Deutsche Bank AG*, 838 F. Supp. 2d 168, 171 (S.D.N.Y. 2011) ("Whether relief is sought under Rule 59(e) or Rule 60(b)(2), courts apply the same strict standard for determining what qualifies as 'newly

discovered evidence.'"). Therefore, Plaintiffs have not met the heavy burden to demonstrate that the requirements of Rule 59(e) are met.

## II. Conclusion

For the foregoing reasons, Plaintiffs' motion for relief from judgment and for reconsideration of this Court's decision granting Defendants' motion to dismiss is DENIED.

The Clerk of the Court is directed to close the motions at Docket Numbers 44 and 45.

SO ORDERED.

Dated: August 12, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge